1

HON. SALVADOR MENDOZA JR.

2  Clay M. Gatens, WSBA No. 34102
Devon A. Gray, WSBA No. 51485

3  Jeffers, Danielson, Sonn & Aylward, P.S.
PO Box 1688

4  Wenatchee, WA 98807-1688
(509) 662-3685 / (509) 662-2452

5

6  UNITED STATES DISTRICT COURT

7  EASTERN DISTRICT OF WASHINGTON

8  | VALERIE RHODES, a single woman, | NO. 2:17-CV-0093-SMJ |

and on behalf of others similarly situated,

9  |  | PLAINTIFF'S MOTION FOR |

Plaintiff,    PRELIMINARY APPROVAL OF

10  |  | CLASS ACTION SETTLEMENT |

vs.

11  |  | Noted for Hearing: |

July 19, 2018

12  WELLS FARGO BANK, NATIONAL
ASSOCIATION, A National Banking

13  Association    Without Oral Argument

14  Defendant.    CLASS ACTION

15

16

17

18

19

20

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

4348873

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................... 1

II.   STATEMENT OF FACTS ....................................................................... 2

   A.  Factual and Procedural Background ..................................................... 2

   B.  Settlement Terms .................................................................................. 11

      1.   The Class ....................................................................................... 11

      2.   The Settlement's Monetary Relief ............................................... 12

      3.   The Release as to All Settlement Class Members ....................... 16

      4.   The Settlement Administration and Notice Program ................... 17

III.  ARGUMENT AND AUTHORITY ........................................................ 18

   A.  The Settlement Approval Process ........................................................ 18

   B.  The Settlement Satisfies the Criteria for Preliminary Approval ............................ 20

      1.   The Strength of Plaintiff's Case ................................................... 21

      2.   The Risk, Expense, Complexity, and Likely Duration of Further Litigation ....... 22

      3.   The Risk of Maintaining Class Action Status Through Trial ............... 24

      4.   The Amount Offered in Settlement .............................................. 25

      5.   The Extent of Discovery Completed at the Stage of Proceedings ........... 26

      6.   The Experience and Views of Counsel ........................................ 27

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
Page i
43488734348873

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O.  Box 1688
Wenatchee, WA 98807-1688

7.  The Presence of a Governmental Participant ....................................................28

8.  The Reaction of Class Members to the Settlement ................................................28

9.  The Settlement is the Product of Informed and Non-Collusive Negotiations ......28

C.  Class Counsel's Requested Attorneys' Fees and Costs Are Reasonable.................29

D.  Certification of the Class for Purposes of Settlement is Appropriate .....................31

1.  The Class Satisfies the Requirements of Rule 23(a)..............................................31

2.  The Settlement Class Satisfies the Requirements of Rule 23(b)(3).....................33

E.  The Proposed Notice Program is Constitutionally Sound.......................................34

F.  The Schedule for Final Approval ...........................................................................35

IV.  CONCLUSION ...........................................................................................................36

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

1

## TABLE OF AUTHORITIES

2

### FEDERAL CASES

3

*Amchem Prods., Inc. v. Windsor*,
4      521 U.S. 591 (1997) ................................................. 20

*Custom LED, LLC v. eBay, Inc.*, *No. 12-cv-00350-JST*,
5      2014 WL 2916871 (N.D. Cal. June 24, 2014) ..................... 24-25

6   *17 Ruch v. AM Retail Group, Inc.*, *No. 14-cv-05352-MEJ*,
       2016 WL 1161453, at *11 (N.D. Cal. Mar. 24, 2016) ............. 29

7
    *Bellinghausen v. Tractor Supply Co.*,
8      306 F.R.D. 245 (N.D. Cal. 2015) .............................. 27

*Class Plaintiffs v. City of Seattle*,
9      955 F.2d 1268 (9th Cir. 1992) ............................... 18-19

10  *Craft v. Cnty. Of San Bernardino*,
       624 F. Supp. 2d 1113 (C.D. Cal. 2008) ......................... 30

11
    *Gehrich v. Chase Bank USA, N.A.*,
12      316 F.R.D. 215 (N.D. Ill. 2015) .............................. 26

13  *Hanlon v. Chrysler Corp.*,
       150 F.3d 1011 (9th Cir. 1998) ............................. 20, 31

14  *Hansen v. Ticket Track, Inc.*,
       213 F.R.D. 412 (W.D. Wash. 2003) ......................... 32, 34

15  *Ikuseghan v. Multicare Health Sys.*, *No. 3:14-cv-05539-BHS*,
       2016 WL 3976569 (W.D. Wash. July 25, 2016) ................... 29

16
    *In re Bluetooth Headset Prods. Liab. Litig.*,
17      654 F.3d 935 (9th Cir. 2011) ............................. 21, 30

18  *In re Hyundai and Kia Fuel Economy Litig.*,
       --- F.3d ---, 2018 ........................................ 33

19  *In re Mego Fin. Corp. Sec. Litig.*,
       213 F.3d 454 (9th Cir. 000) ............................... 25-27

20

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
Page i

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

*In re Mercury Interactive Corp. Sec. Litig.*,
    618 F.3d 988 (9th Cir. 2010) ...................................................................... 14

*In re Omnivision Tech., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008) ...................................................... 25

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
    227 F.R.D. 553 (W.D. Wash. 2004) ............................................................ 29

*In re Online DVD-Rental Antitrust Litig*,
    779 F.3d 934–43 (9th Cir. 015) ...................................................... 14, 20, 21

*Jordan v. Nationstar Mortgage, LLC, No. 2:14-CV-0175-TOR*,
    2017 WL 5616362 (E.D. Wash. Nov. 21, 2017) ................................. passim

*Knight v. Red Door Salons, Inc.*, No.  08-01520 SC,
    2009 WL 248367, at *4 (N.D. Cal.  Feb.  2, 2009)................................ 27-28

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S.  306 (1950) .................................................................................... 34

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D.  Cal.  2004) ............................................................... 24

*Ortiz v. Fiberboard Corp.*,
    527 U.S.  815 (1999) .................................................................................... 29

*Pelletz v. Weyerhaeuser Co.*,
    592 F. Supp. 2d 1322 & n.9 (W.D.  Wash. 2009) ....................................... 14

*Rodriguez v. W. Publ'g Corp.*,
    563 F.3d 948–59 (9th Cir. 009) ...................................................... 14, 24, 25

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 002) ................................................................ 30, 31

**STATE CASES**

*Jordan v. Nationstar Mortgage, LLC*,
    185 Wash.2d 876, 374 P.3d 1195 (2016) .......................................... 3, 9, 21

**UNITED STATES CODE**

28 U.S.C. § 1715 ............................................................................................. 28

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O.  Box 1688
Wenatchee, WA 98807-1688

28 U.S.C. §§ 1332 ................................................................. 4, 5, 6, 7

**STATE STATUTES**

RCW 4.24.630 ................................................................. 4, 8, 9

RCW 7.28.230 ................................................................. 3, 33

RCW 19.86, et. seq ................................................................. 4

**FEDERAL RULES**

Fed. R. Civ. P. 23 ................................................................. passim

Fed. R. Civ. P. 30 ................................................................. 7

**OTHER**

2018 Wash. Sess. Laws, ch. 306 §§ 10–13 ................................................................. 28

*Manual for Complex Litigation (Fourth)* § 21,(Ann. ed., 2017) ................................................................. 19, 31, 34

William B. Rubenstein, *Newberg on Class Actions* § 13 (5th ed. 2017) ................................................................. 19-20

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

## I.   INTRODUCTION

Plaintiff moves for preliminary approval of the class action settlement she reached with Wells Fargo Bank ("Settlement").  The Settlement requires Wells Fargo Bank to pay $26,305,000.00 to establish a non-reversionary settlement fund.  The settlement fund will pay Class Members[1] for damages Plaintiff alleges in this case, including a fixed sum for the damage allegedly caused to their homes from pre-foreclosure lock changes; a fixed sum to those Class Members that allegedly experienced removal of personal property prior to the completion of foreclosure; and a per-diem reasonable rental value for the period of time between the initial lock changed allegedly conducted on the Class Member's home and the completion of foreclosure or other conveyance of the Class Members' homes.

This Settlement represents a significant recovery for Class Members and, to the best of Plaintiff's knowledge, represents the largest class wide settlement in Washington's history for pre-foreclosure entries and lock changes conducted on borrower's homes.  The Settlement is fair and reasonable and serves the best interests of the Class Members.  Accordingly, the Plaintiff respectfully request that the Court take the following initial steps in the settlement approval process: (1) grant preliminary approval of the Settlement; (2) conditionally certify the proposed Settlement Class; (3) appoint Jeffers, Danielson, Sonn

---

[1] Terms that are capitalized in this brief have the meaning described in the Settlement Agreement.

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Page 1
4348873

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

& Aylward, P.S. as Class Counsel and Valerie Rhodes as Class Representative; (4) approve Garden City Group, LLC as class administrator; (5) establish a deadline and requirements for filing objections to the Settlement; (6) establish deadlines and requirements for requests for exclusions; (7) establish deadlines and process for paying settlement awards and claims for awards; (8) establish a date for the final approval hearing; and (9) preliminarily enjoin members of the settlement class who do not file for exclusion by the deadline from filing suit or asserting claims.

## II.    STATEMENT OF FACTS

### A. Factual and Procedural Background

Wells Fargo Bank is one of the largest lending institutions in the nation[2] and reported first quarter 2018 net income earnings of $5.9 billion[3]. As part of its business model it services residential mortgage loans for third party investors, as well as for its own account[4].

---

[2] https://www.wellsfargo.com/about/corporate/history/.

[3] https://www08.wellsfargomedia.com/assets/pdf/about/investor-relations/earnings/first-quarter-2018-earnings.pdf?https://www.wellsfargo.com/assets/pdf/about/investor-relations/earnings/first-quarter-2018-earnings.pdf.

[4] Wells Fargo & Company, 2017 Annual Report, 90 (February 15, 2018), https://www08.wellsfargomedia.com/assets/pdf/about/investor-relations/annual-reports/2017-annual-report.pdf?https://www.wellsfargo.com/assets/pdf/about/investor-

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Page 2
4348873

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

Wells Fargo's loan servicing activities include servicing residential loans that are in default.[5]  As part of these default loan servicing activities, Wells Fargo directs its vendors to inspect a default borrower's home to determine the occupancy status of the home and to conduct lock changes and other "property preservation" related activities upon the home after a default but prior to the completion of foreclosure.  Declaration of Clay M. Gatens ("Gatens Decl."), Ex. A, at 11:14-25; 12:1-2.  Through its network of vendors and in conformity with standard policies and procedures, Wells Fargo conducted these pre-foreclosure inspections, entries, and lock changes during the Class Period through July 2016 when the Washington State Supreme Court issued its ruling in *Jordan v. Nationstar Mortgage, LLC*, 185 Wash.2d 876, 888-89, 374 P.3d 1195 (2016). *Id*. Ex. B, at 109:3-7. In *Jordan,* the Washington State Supreme Court examined the standard entry provision language found in uniform deeds of trust purporting to authorize pre-foreclosure entries and lock changes upon default borrowers' homes and held that the entry provision conflicted with long standing Washington law codified at RCW 7.28.230.  *Jordan* at 888-889.

Roughly five months after the supreme court decision in Jordan, on December 12, 2016 Ms. Rhodes filed this lawsuit on behalf of a proposed class of Washington borrowers

_____

relations/annual-reports/2017-annual-report.pdf.

[5] *Id*.

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Page 3
4348873

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

1   who experienced entries, personal property removals, and lock changes conducted by

2   Wells Fargo or its vendors since December 12, 2012. Gatens Decl. ¶ 4. In this lawsuit,

3   the Plaintiff, Valarie Rhodes, alleged that Wells Fargo engaged in a systematic scheme of

4   pre-foreclosure entries and lock changes upon default borrowers' homes that (1) damaged

5   the borrowers' existing doors and locks; (2) denied the borrower their exclusive right to

6   possession of their home prior to completion of foreclosure; and (3) in some cases involved

7   removal of the borrower's personal property and belongings prior to completion of a

8   foreclosure. ECF No. 1-2.

9       Plaintiff asserted claims against Wells Fargo for common law trespass, intentional

10  trespass (RCW 4.24.630), violation of Washington's Consumer Protection Act (RCW

11  19.86, *et. seq.*) and conversion. *Id.* On February 14, 2017, Wells Fargo answered and

12  asserted numerous affirmative defenses. Gatens Decl. *Id.* Wells Fargo denies that it

13  engaged in any unlawful conduct.

14      On March 13, 2017, Wells Fargo filed its Notice of Removal pursuant to 28 U.S.C.

15  §§ 1332(d) (the Class Action Fairness Act), and 1441(d) and the matter was assigned to

16  this Court. ECF No. 1. The Court then set April 20, 2017 for the parties to attend a

17  Scheduling Conference with the Court. ECF No. 5. Prior to the case scheduling

18  conference, the parties engaged in multiple meet and confer conferences to discuss case

19  scheduling and scope of discovery related issues. Gatens Decl. ¶ 5. Ultimately, after

20  extensive negotiations the parties were able to submit to the Court a Joint Rule 26(f) Report.

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
Page 4
4348873

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

1   ECF No. 7.  On May 16, 2017, the parties attended a Scheduling Conference with the Court.

2   ECF No. 13.  And on May 30, 2017, the Court entered its Scheduling Order.  ECF No. 15.

3   The Scheduling Order set forth class certification deadlines and addressed both

4   individual and class wide discovery.  *Id*.  Specifically, the Scheduling Order required the

5   parties to meet and confer regarding a phased approach to discovery versus class wide

6   discovery to be conducted prior to the Court's determination on class certification.  *Id*. at

7   2.  The Scheduling Order also required to the parties to meet and confer regarding the scope

8   and terms of a protective order. *Id*. at 3.   The parties thereafter engaged in extensive

9   negotiations and conferences regarding both the scope of the staged discovery and the

10  scope of the protective order.  Gatens Decl. ¶ 6.  With regard to the scope of the protective

11  order, Plaintiff and Wells Fargo did not reach agreement on the scope of the protective

12  order as it related to broad categories of information held by Wells Fargo.  ECF No. 16.

13  Specifically, Wells Fargo contended that "[d]ue to the complexity and breadth of the issues

14  presented in the context of a significant class action such as this..." that broad categories of

15  documents Wells Fargo believed related to its competitive advantage in the marketplace

16  should be subject to a protective order.  *Id*. at 10.  Plaintiff resisted this broader category

17  approach citing concerns that the Court expressed regarding the scope of any protective

18  order during the May 30, 2017 Scheduling Conference with the Court.  *Id*. at 11-12.

19  Thereafter, the Court entered a telephonic Order on June 23, 2017 directing the

20  parties to brief the issue of the scope of the protective order pursuant to LR 7.1 and set

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
Page 5
4348873

1  forth a briefing schedule.  ECF No. 18.  On July 7, 2017 following weeks of additional

2  negotiation and conferencing the parties filed with the Court a Supplemental Joint Status

3  Report, ECF No. 20, and a Proposed Stipulated Confidentiality and Protective Order, ECF

4  No. 20-1, which the Court later entered on October 30, 2017.

5  Following the filing of the Supplemental Joint Status Report the parties engaged in

6  substantial discovery productions, reviews, and disputes.    Plaintiff propounded

7  comprehensive discovery that included interrogatories, requests for production, and

8  requests for admission.  Wells Fargo produced responses and documents to some of the

9  discovery requests, but objected to and refused to respond to many of Plaintiff's discovery

10  requests.  Gatens Decl. ¶ 7.  Numerous discovery disputes arose, and the parties were

11  successful in resolving some, but not all, of the disputes without burdening this Court with

12  motions practice.  During this time, Counsel for the parties exchanged dozens of letters,

13  emails, and telephone calls regarding various discovery disputes and participated in

14  multiple meet and confer telephonic conferences. *Id*. at ¶ 8.  During this time, however,

15  Wells Fargo produced voluminous pages of discovery materials, which Plaintiff's counsel

16  undertook review and extensive cataloguing of.  *Id*. at ¶ 9.  These productions included

17  over 27,000 pages of documents consisting of Wells Fargo's common policies and

18  procedures for ordering and verifying lock changes and related property preservation

19  activities; its common policies and procedures for oversight of its vendors that conduct

20  lock changes and property preservation activities; complaint logs; vendor lists; clients lists;

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
Page 6

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O.  Box 1688
Wenatchee, WA 98807-1688

1  putative class lists; and manuals and architecture for its systems and databases that track

2  orders and payments for lock changes and related property preservation activities.  Gatens

3  *Id.*  During this time, Plaintiff also noticed Fed. R. Civ. P. 30(b)(6) deposition of Wells

4  Fargo for extensive topics covering Wells Fargo's alleged lock change and property

5  preservation practices, as well as its system and databases that track work orders and

6  payments for lock changes and related property preservation activities.  *Id.* ¶ 10.  Wells

7  Fargo also noticed the deposition of Ms. Rhodes.  *Id.*

8      Ultimately, while many of the discovery disputes between the parties were hard

9  fought, many of the disputes were resolved by the parties.  However, some were not and

10  Plaintiff filed her Motion to Compel Defendant Wells Fargo Bank's Discovery Responses

11  on September 9, 2017.  ECF No. 21.  Wells Fargo briefed and filed its Response to

12  Plaintiff's Motion to Compel Discovery Responses on September 22, 2017.  ECF No. 25.

13  Plaintiff filed her Reply on October 3, 2017.  ECF No. 28.

14      Earlier in May 2014 in *Jordan v. Nationstar*, the state superior court certified a

15  statewide class against Nationstar for pre-foreclosure for lock changes, entry, posting, and

16  associated fees as constituting common law and statutory trespass and violations of the

17  Washington Consumer Protection Act.  No. 2:14-cv-00175-TOR, ECF No. 207 at 3-4.

18  After the state supreme court decided the certified questions and ruled the entry provisions

19  in the uniform deeds of trust were unenforceable, the federal district court made additional

20  rulings against Nationstar.  On September 6, 2017, the court denied a motion to decertify

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
Page 7
4348873

1    a statewide class as to an intentional trespass claim under RCW 4.24.630, common practice

2    claims, and damages.  ECF No. 207.

3         Six weeks later, on October 18-21, 2017, Plaintiff's counsel traveled to Des Moines,

4    Iowa to take Rule 30(b)(6) depositions of Wells Fargo's designees for topics covering

5    Wells Fargo's property preservation practices.  These depositions covered extensive topics

6    including, *inter alia*, Wells Fargo's common property preservation policies and practices,

7    vendor oversight and management policies, loan servicing guidelines, business rules, work

8    order policies and practices, and all systems and databases tracking orders for, completion

9    of, and payment for property preservation activities conducted in Washington during the

10    class period.  Gatens Decl. ¶ 11.  These depositions occurred over the course of two days

11    and resulted in 525 pages of deposition testimony and entry of 43 exhibits.  *Id.*

12         Subsequent to taking these depositions — and due in large part to the class wide

13    evidence and liability that came to light during these depositions — Plaintiff's counsel sent

14    a demand letter to Wells Fargo on October 30, 2017 detailing Plaintiff's and the putative

15    class' claims and damages.  *Id.* ¶ 12.  Plaintiff's demand letter contained a thorough

16    analysis of Wells Fargo's liability for trespass, statutory trespass, Washington Consumer

17    Protection Act violations, and conversion.  In addition, Plaintiff's counsel engaged

18    Greenfield and Associates to assist in calculating Plaintiff and the putative class's actual

19    damages they claim arise from damages to real property from lock changes, restitution

20    damages for the fees they claim were charged by Wells Fargo for property preservation

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
Page 8
4348873

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

activities, personal property removals, and the reasonable fair rental value of each class member's property from the time of a lock change through completion of a foreclosure or conveyance of the property. *Id.* ¶ 13. The extensive discovery undertaken by the Plaintiff, coupled with Plaintiff's counsel expertise[6] in challenging unlawful pre-foreclosure lock changes in Washington, contributed significantly to the substance of the demand letter. Plaintiff's initial class wide mediation demand, absent trebling or attorney's fees, equaled $71,719,763.50. *Id.*

Wells Fargo agreed to mediation after receipt of Plaintiff's demand letter and Plaintiff agreed to continue its pending Motion to Compel Discovery Responses pending mediation. ECF No. 36.

On November 21, 2017, the federal court in *Jordan* granted partial summary judgment against Nationstar and in favor of all class members who had their properties rekeyed prior to foreclosure as to liability for common law trespass and Consumer Protection Act claims and the lock change damages. *Jordan v. Nationstar Mortgage, LLC*, No. 2:14-CV-0175-TOR, 2017 WL 5616362, at *9 -*10 (E.D. Wash. Nov. 21, 2017). The

---

[6] Plaintiff's counsel is the lead attorney in *Laura Zamora Jordan v. Nationstar Mortgage, LLC*, No. 2:14-cv-0175-TOR, E.D. Wash, and argued in front of the Washington State Supreme Court for the decision invalidating entry provisions that purported to allow preforeclosure entries and lock change, 185 Wn.2d 876, 374 P.3d 1195 (2016).

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Page 9
4348873

1  court confirmed its previous ruling that class members were entitled to the rental value for

2  period during which Nationstar rekeyed their homes and left the exact calculation of

3  damages for trial.  *Id.*  The court also reserved for trial a disgorgement of property

4  preservation fees as remedy.  *Id.*

5      A week later, on November 28, 2017 the parties attended mediation in San

6  Francisco, CA in front of the Hon. William J. Cahill (Ret.) with JAMS.  Mr. Cahill is a

7  well-respected mediator specializing in mediating class actions.  Gatens Decl. ¶ 14, Ex. C.

8      Although the parties did not reach settlement at this mediation, they continued to

9  negotiate to resolve the claims in this case even after the in-person mediation.  Gatens Decl.

10  ¶ 15.  As a result of these mediation efforts, the parties ultimately entered into a term sheet

11  detailing the terms of a settlement in principal between the parties.  *Id*. Ex. D.  Thereafter,

12  on December 20, 2017 the parties filed a Notice of Settlement with the Court informing

13  the Court of the settlement in principal and asking the Court to strike from its calendar all

14  scheduled hearings and pending motions.  ECF No. 39.

15      In January 2018, Judge Pechman of the Federal District Court for the Western

16  District of Washington certified a class for similar claims.  *John Bund II, et al. v. Safeguard*

17  *Properties, LLC*, No. 2:16-cv-920-MJP, W.D. Wash. (Jan. 12, 2018) ECF No. 204.

18      Thereafter, the parties began exchanging drafts of a formal settlement agreement

19  setting forth all of the specific terms of the proposed class wide settlement and preliminary

20  approval pleadings and proposed class notices.  During these exchanges the parties reached

a material disagreement regarding the terms of the settlement.  The parties agreed to a second mediation to resolve their disagreements regarding the terms of the settlement originally memorialized by the term sheet.  On April 24, 2018 the parties mediated in front of Eric D. Green of Resolutions, LLC in Boston, Massachusetts.  Mr. Green is a nationally recognized mediator with extensive experience in resolving large class action lawsuits.  Gatens Decl. ¶ 16, Ex. E.  The parties were successful at the second round of mediation and entered into a binding Settlement Agreement and Release of Claims.  *Id*. ¶ 17, Ex. F ("Settlement Agreement").  This Settlement Agreement contained a funding contingency in favor of Wells Fargo.  *Id*. at 18.  On June 8, 2018, Wells Fargo waived its funding contingency.  *Id*.

**B. Settlement Terms**

The Settlement Agreement is filed with the Court.  *See* Gatens Decl. Ex. F.  The Settlement Agreement's terms are summarized below.

### 1. The Class

For purposes of the settlement, the parties have stipulated to certification of the following Class: individuals identified on the list produced by Wells Fargo on April 20, 2018, and identified as "Revised Class List" with Bates numbers "WF_Rhodes 026839-26842" and containing 4,013 unique loan numbers.  Settlement Agreement, §§ II.3 and IV.1.a.  "Settlement Class Members" will include Class Members who do not exclude themselves from the Settlement.  *Id*. at § II.25-26.

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
Page 11
4348873

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O.  Box 1688
Wenatchee, WA 98807-1688

## 2. The Settlement's Monetary Relief

Wells Fargo has agreed to pay $26,305,000.00 (the "Settlement Fund") for a common fund settlement of this lawsuit. *Id. at* § V.1. The Settlement Fund will be used to satisfy all of the following, as approved by the Court: (1) the Settlement Award to Settlement Class Members, (2) a service award to be paid to the named Plaintiff, (3) a reasonable attorneys' fee award to Class Counsel, (4) the expenses and costs of litigation paid by Class Counsel, and (5) a settlement administration payments to the Class Administrator and damage calculation consultants. *Id. at* §§ V and VI.

### a. *Settlement Awards to Settlement Class Members*

After the amounts of the Court-approved service awards, litigation expenses, Class Counsel attorneys' fee awards, damage calculation fees, and Class Administrator expense payments are deducted from the Settlement Fund, Settlement Awards checks will be mailed by the Class Administrator to Settlement Class members. *Id. at* § V.4. Distributions to Settlement Class Members will be comprised of the following: (i) $80.00 as compensation for damage allegedly done to Settlement Class Members' real property from a Lock Change; (ii) $100.00 to Settlement Class Members who Wells Fargo has a record of removing personal property from their home prior to completion of foreclosure; and (iii) a relative share of rental value damages based on each individual Settlement Class Members' actual reasonable fair market rental value as calculated by damage calculation consultant

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
Page 12
4348873

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

Greenfield Advisors.  *Id. at* § V.3(a)-(c).[7]

Wells Fargo will receive no reversion from the Settlement Fund under any circumstances.  *Id. at* § V.1.  Instead, the entire Settlement Fund, after Court-approved deductions, will be distributed to either Settlement Class members or approved *cy pres* recipients.  Settlement Award checks that are not cashed within 90 days of being mailed by the Class Administrator shall be voided. *Id. at* § V.5.  If it is administratively feasible, unclaimed Settlement Funds shall be used to make a second distribution, on a pro rata basis, to all Settlement Class Members who cashed a Settlement Award check.  *Id*.  Thereafter any unclaimed Settlement Funds shall be paid to *cy pres* recipients Northwest Justice Project and Chelan-Douglas County Volunteer Attorney Services. *Id. at* § V.6.  Wells Fargo will also identify one additional *cy pres* recipient via a supplemental filing with the Court within seven days of filing of this motion.

### b.  Service Award

Service awards "are fairly typical in class action cases" and promote the public policy of encouraging individuals to undertake the responsibility of representative lawsuits.

---

[7] While the exact damage amount for each Settlement Class member will vary — based primarily on their relative share of the rental value damages — before Court approved deductions, each Settlement Class member is set to recover damages in excess of $6,500.00 per Class Member.

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Page 13
4348873

1  *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009).  Plaintiff will request

2  Court approval of a service award in the amount of $10,000.00.  Settlement Agreement, §

3  VI.1.  The proposed $10,000.00 service award is reasonable considering Plaintiff's efforts,

4  risks taken, and time expended supporting the litigation as well as the substantial relief

5  obtained.  *See In re Online DVD-Rental Antitrust Litig.*  ("*Online DVD-Rental*"), 779 F.3d

6  934, 942–43 (9th Cir. 2015) (stating $5,000 service award "was relatively small" even

7  where unnamed class member awards were just $12 each); *Pelletz v. Weyerhaeuser Co.*,

8  592 F. Supp. 2d 1322, 1329-30 & n.9 (W.D.  Wash. 2009) (approving $7,500 service

9  awards and collecting decisions approving awards ranging from $5,000 to $40,000).  Here,

10  Plaintiff assisted Class Counsel in investigating the claims, preparing the complaint, and

11  understanding the factual background of the lawsuit for the initial claims.  Gatens Decl. ¶

12  20.  She provided information to support the claims, participated in mediation and meetings

13  with counsel, and was prepared to testify at depositions and at trial.  *Id.*

14          *c.  Attorneys' Fee Award and Costs Payment*

15          Class Counsel will request an award of attorneys' fees not to exceed twenty-five

16  percent (25%) of the Settlement Fund. *Id. at* § VI.2.  Class Counsel will also seek

17  reimbursement of litigation costs in an amount not to exceed $35,000.00.

18          The Settlement Agreement is not contingent on the amount of attorneys' fees or costs

19  awarded.  In accordance with *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988,

20  994 (9th Cir. 2010), Class Counsel's fee petition will be filed within thirty days of the

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
Page 14
4348873

Settlement Notice Date. *Id. at* § VI.2. Class Counsel will request that the Class Administrator post to the settlement website the motion for final approval and fee petition after filing. *Id.* § VIII.4.b.

The Attorneys' Fees Award and Costs Payment will compensate and reimburse Class Counsel for (1) the work already performed in this case and the work remaining to be performed in documenting the Settlement, securing Court approval, and making sure the Settlement is fairly administered and implemented, and (2) all costs actually incurred by Class Counsel in litigating this action and finalizing this Settlement.

### d. Claims Administrator Expenses Payment

The Settlement Agreement provides for the Class Administrator to be responsible for the administration of the Settlement. *Id. at* § VIII.1. The parties have chosen Garden City Group, LLC to act as the Settlement Administrator. Gatens Decl. ¶ 20. The Settlement Administrator has provided an estimated budget of $21,600.00 to administrate the Settlement. *Id.* The Class Administrator will establish and maintain a settlement fund, issue notice to the Class, set up a settlement website with the full notice, links to key documents, a listing of key dates and deadlines, and an online settlement website, trace undeliverable mailings, record and track Claim Forms and other responses to the mailings, provide a toll-free telephone for Settlement Class Members to submit claims, respond to inquiries from Class Members, calculate Settlement Awards, mail settlement checks to Settlement Class Members, issue required tax documents, and perform all necessary tax

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
Page 15

4348873

1    reporting duties, amongst other things.  *Id. at* § VIII.4.a-c.

2        *e.  Fair Market Rental Value Damages Calculations Consultant Award*

3        Included in the payment of administration and notice are reasonable fees and costs

4    associated with Greenfield and Associates' calculations of Settlement Class Members'

5    actual reasonable fair market rental value damages.  *Id. at* § VIII.3.  The reasonable fees

6    and costs incurred by Greenfield and Associates in calculating these damages will be

7    deducted from the Settlement Fund, but paid in advance by Wells Fargo as they become

8    due.  *Id*.  Greenfield has provided an estimate budget for its AVM data preparation, fair

9    market rental value calculations, project management, and coordination with the Claims

10   Administrator of $66,800.00.  Gatens Decl.  ¶ 33.  Greenfield has also provided a budget

11   of $25,000.00 for third-party vendor data in the event that Wells Fargo's data regarding

12   Settlement Class members is incomplete and needs to be supplemented by public records

13   searches. *Id*.

14   **3.  The Release as to All Settlement Class Members**

15       The release is appropriately tailored to the claims made in the case.  In exchange

16   for the benefits provided by the Settlement, Plaintiff and Settlement Class Members will

17   release the claims "…that were brought or that could have been brought in the Action as

18   of the date this Agreement is executed, and that arise out of or relate in any way to

19   Defendant's Property Preservation Measures at properties owned by Settlement Class

20   Members, including but not limited to all trespass, conversion, and Washington

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
Page 16
4348873

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O.  Box 1688
Wenatchee, WA 98807-1688

Consumer Protection Act claims based on or relating in any way to Defendant having performed a Lock Change or other Property Preservation Measures at a Settlement Class Member's home or relating in any way to a Property Preservation Fee" that arose beginning December 12, 2012. *Id. at* § XII.2

### 4. The Settlement Administration and Notice Program

As agreed by the parties, Garden City Group, LLC will administer the Settlement. Plaintiff asks the Court to approve the notice program and direct Garden City Group, LLC to implement the program no later than 70 days from entry of the preliminary approval order. *Id. at* § VIII.4

The Class Administrator will notify Class Members of the settlement in several ways. The Class Administrator will send direct written post card notice to Class Members through first class mail using the most recent contact information available based on Wells Fargo's records and checked against the National Change of Address system. *Id. at* § VIII.4(a). If a notice is returned as undeliverable with a forwarding address provided by the United States Postal Service, the Class Administrator will promptly resend the notice to that forwarding address, and if a notice is returned without a forwarding address, the Class Administrator will perform one skip trace search and, if it obtains a more recent address, resend the notice. *Id. at* § VIII.4(a)(i). In addition to mailed notice, the Class Administrator will also establish and maintain a settlement website, which will display the full notice, along with other key documents and information. *Id. at* § VIII.4(b). Further,

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
Page 17

4348873

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

1  the Class Administrator will provide a toll-free phone number for Class Members to obtain

2  information regarding the settlement.

3       Class Members that wish to be excluded from the settlement will have to give written

4  notice to the Claims Administrator by the Exclusion Date set by the Court to opt-out of the

5  Settlement Class. *Id. at* § II.7; § IX.1.

6       Within 30 days after the Court enters a Final Approval Order, the Class

7  Administrator will mail individual awards to all Settlement Class Members. The Class

8  Administrator, in conjunction with Greenfield Associates, will calculate the amount of each

9  individual award using data provided by Wells Fargo and data obtained by Greenfield

10  Associates based on the stated value and proportional calculations described above. *Id. at*

11  § V.3(a)-(c). The Class Administrator will also handle all tax reporting duties for all

12  payments made from the Settlement Fund. *Id. at* § VIII.4(a).

13       **III.    ARGUMENT AND AUTHORITY**

14  **A. The Settlement Approval Process**

15       Proposed class action settlements are not effective unless approved by the court.

16  Fed. R. Civ. P. 23(e). As a matter of "express public policy," federal courts strongly favor

17  and encourage settlements, particularly in class actions and other complex matters, where

18  the inherent costs, delays, and risks of continued litigation might otherwise overwhelm any

19  potential benefit the class could hope to obtain. *See Class Plaintiffs v. City of Seattle*, 955

20  F.2d 1268, 1276 (9th Cir. 1992) (noting the "strong judicial policy that favors settlements,

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
Page 18
4348873

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

1    particularly where complex class action litigation is concerned"); *see also* William B.

2    Rubenstein, *Newberg on Class Actions* ("*Newberg*") § 13.1 (5th ed. 2017) (citing cases).

3    The traditional means for handling claims like those at issue here — individual litigation

4    — would unduly tax the court system, require a massive expenditure of public and private

5    resources, and, given the relative value of the claims of the individual class members,

6    would be wholly impracticable.  The proposed Settlement is the best vehicle for Class

7    Members to receive relief in a prompt and efficient manner.

8          The Manual for Complex Litigation describes a three-step procedure for approval of

9    class action settlements: (1) preliminary approval of the proposed settlement; (2)

10   dissemination of notice of the settlement to all affected class members; and (3) a "fairness

11   hearing" or "final approval hearing," at which class members may be heard regarding the

12   settlement, and at which evidence and argument concerning the fairness, adequacy, and

13   reasonableness of the settlement may be presented.  *Manual for Complex Litigation*

14   *(Fourth)* §§ 21.632–21.634 (Ann. ed., 2017) ("MCL 4th").  This procedure safeguards

15   class members' due process rights and enables the court to fulfill its role as the guardian of

16   class interests. *See Newberg* § 13.1.

17         Plaintiffs request that the Court take the first step in the settlement approval process

18   by granting preliminary approval of the settlement.  The purpose of preliminary evaluation

19   of proposed class action settlements is to determine whether the settlement "is within the

20   range of possible approval" and thus whether notice to the class is worthwhile.  *Newberg* §

1   13.13.  This Court has broad discretion to approve or reject a proposed settlement.  *Online*

2   *DVD-Rental*, 779 F.3d at 942, 944 (noting that the standard of review is "clear abuse of

3   discretion" and the appellate court's review is "extremely limited").

4       When a case settles before class certification, the Court must also determine whether

5   the class satisfies the Rule 23 requirements for class certification.  Because a settled case

6   will not be tried, however, manageability considerations are not relevant.  *Amchem Prods.,*

7   *Inc. v. Windsor*, 521 U.S. 591, 620 (1997).  The federal court has certified similar class in

8   the Nationstar and Safeguard cases.  *Laura Zamora Jordan v. Nationstar Mortgage, LLC,*

9   *No.* 2:14-CV-0175-TOR, E.D. Wash. (September 6, 2017) ECF No. 207 (denying

10  Defendant's motion to de-certify class and upholding class certification in Chelan County

11  Superior Court No. 12-2-00385-2, May 9, 2014); *John Bund II, et al. v. Safeguard*

12  *Properties, LLC*, No. 2:16-cv-920-MJP, W.D. Wash. (Jan. 12, 2018) ECF No. 204.

13  **B. The Settlement Satisfies the Criteria for Preliminary Approval**

14      The court's role at the preliminary approval stage is to ensure "the agreement is not

15  the product of fraud or overreaching by, or collusion between, the negotiating parties, and

16  that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned."

17  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (internal quotation omitted);

18  *see also Online DVD-Rental*, 779 F.3d at 944.

19      The following factors guide the Court's consideration of whether a proposed

20  settlement is fair, reasonable, and adequate: (1) the strength of the plaintiffs' case; (2) the

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
Page 20

4348873

1  risk, expense, complexity, and likely duration of further litigation; (3) the risk of

2  maintaining class action status through trial; (4) the amount offered in settlement; (5) the

3  extent of discovery completed and the stage of the proceedings; (6) the experience and

4  views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the

5  class members to the proposed settlement.  *See In re Bluetooth Headset Prods. Liab. Litig.*,

6  654 F.3d 935, 946 (9th Cir. 2011) (citing *Churchill Village, LLC v. General Electric*, 362

7  F.3d 566, 575 (9th Cir. 2004)).  Courts also consider whether the settlement is the product

8  of collusion between the parties.  *Online DVD-Rental*, 779 F.3d at 944.

9      In this case, while the threshold for preliminary approval requires only that the

10  Settlement fall within the "range of possible approval," a preliminary analysis of the final

11  approval criteria shows that Plaintiff exceeds that showing.

12      **1. The Strength of Plaintiff's Case**

13      Although Wells Fargo denies the allegations alleged by the Plaintiff, the Plaintiff is

14  confident in the strength of her case.  Nevertheless, she recognizes that the litigation

15  involves risks.  In Plaintiff's view, the Washington State Supreme Court's decision in

16  *Jordan v. Nationstar Mortgage, LLC*, 185 Wash.2d 876, 888-89, 374 P.3d 1195 (2016)

17  establishes liability against Wells Fargo for trespass, conversion, and violation of

18  Washington's Consumer Protection Act.  But Wells Fargo has argued that *Jordan v.*

19  *Nationstar Mortgage, LLC* does not apply retroactively, or even prohibit the preforeclosure

20  entries and lock changes challenged by the Plaintiff.  ECF No. 2 at p. 106.

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
Page 21
4348873

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O.  Box 1688
Wenatchee, WA 98807-1688

In addition, Plaintiff believes that the proper measure of damages for Wells Fargo's forcible entries and lock changes includes restitution of the fees it charged for conducting lock changes and related property related activities, as well as the fair market rental value of the borrower's home during the time that the borrower's exclusive right to possession was denied by the preforeclosure lock changes conducted by Wells Fargo and its agents. But Wells Fargo contends it stopped charging those fees before the class period and did not mark up the fees (unlike the defendants in the other certified classes) and acted in good faith reliance on the uniform deed of trust instruments and industry practice. ECF No. 2 at 122.

### 2. The Risk, Expense, Complexity, and Likely Duration of Further Litigation

Plaintiff had many hurdles to clear before a potential successful resolution in this case. Entering into settlement negotiations, Plaintiff and her counsel were confident in the strength of the case, but also pragmatic in their awareness of the risks inherent to litigation and the various defenses available to Wells Fargo. The reality is that Class Members could have ended up recovering only a fraction of the Settlement Agreement's benefits or losing the case at or before trial. These facts were significant enough to convince Plaintiff and her counsel that the benefits of the Settlement Agreement ultimately reached with Wells Fargo outweighed the gamble of continued litigation. Indeed, if the Court concluded before settlement was reached that *Jordan v. Nationstar Mortgage, LLC* did not apply retroactively, Plaintiff and the Class would be left with little remedy for their central lock

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Page 22
4348873

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

1   change claims.  Similarly, if Wells Fargo were able to persuade the Court that restitution

2   and fair market rental value damages were not applicable to Plaintiff and the Class' claims,

3   the value of Plaintiff and the Class' claims would lose significant value.  And if the vendors

4   Wells Fargo used to conduct preforeclosure entries and lock changes were deemed to be

5   independent contractors the Plaintiff and the Class would be forced to pursue hundreds of

6   individual vendors and sub-vendors, many of whom may no longer be in business or able

7   to satisfy a judgment.

8          There is also a substantial risk of losing inherent in any jury trial, particularly one

9   involving borrowers that had fallen behind in their loan obligations and were in default.

10  Even if Plaintiffs did prevail, any recovery could be delayed for years by an appeal.

11         Another risk Plaintiff faced going forward is that this Court would decline to certify

12  this case as a class action.  Wells Fargo has strenuously denied that class certification is

13  appropriate in this case.  If Wells Fargo were able to present convincing facts to support its

14  position, the Court could have refused to certify the class, leaving only the named Plaintiff

15  to pursue her claims.

16         In addition, had a settlement not been reached, further litigation would have been

17  expensive, complex, and lengthy.  Gatens Decl. ¶ 19.  Plaintiff would have had to continue

18  her laborious discovery efforts, including both written discovery and depositions.  This

19  further discovery would have not only involved Wells Fargo, but non-parties, such as the

20  lender clients Wells Fargo acted as a loan servicer for.  Plaintiff would also need to move

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
Page 23

4348873

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

1  for class certification, a necessary and always challenging step in the litigation.  Wells

2  Fargo would presumably have taken further significant discovery from Plaintiff, including

3  depositions.  And Wells Fargo likely would have filed dispositive motions relating to

4  Plaintiff's claims.  Finally, the parties would have conducted a lengthy, expensive jury trial

5  that would have entailed numerous witnesses, expert witnesses, and tens of thousands —

6  if not millions — of pages of documents from the individual borrowers loan and property

7  files.  Such a trial could well take five weeks or more to try.

8      In sum, litigating this case to trial and through any appeals would have been

9  expensive and time-consuming and would present risk to both parties.  The Settlement, by

10 contrast, provides prompt and certain relief for Class Members.  *See Rodriguez*, 563 F.3d

11 at 966; *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D.  Cal.

12 2004) ("The Court shall consider the vagaries of litigation and compare the significance of

13 immediate recovery by way of the compromise to the mere possibility of relief in the future,

14 after protracted and expensive litigation." (citation omitted)).

15 **3.  The Risk of Maintaining Class Action Status Through Trial**

16     Plaintiff has not yet moved for class certification.  There is a risk that Plaintiff would

17 not have obtained class certification, or that Wells Fargo could later succeed in moving to

18 decertify.  *See Custom LED, LLC v. eBay, Inc.*, No.  12-cv-00350-JST, 2014 WL 2916871,

19 at *4 (N.D. Cal.  June 24, 2014) ("[B]oth parties recognize that eBay will actively oppose

20 certification of the class if the settlement is not approved.  As such, the Court finds that the

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
Page 24
4348873

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O.  Box 1688
Wenatchee, WA 98807-1688

1  potential difficulties associated with obtaining class certification weigh in favor of

2  approving the settlement.").

3      **4.  The Amount Offered in Settlement**

4      The Settlement Agreement provides substantial monetary relief that was hard fought

5  over the course of multiple years of litigation and two separate exhaustive mediations.  The

6  Settlement creates a $26,305,000.00 non-reversionary fund.  Even if every Class Member

7  files a claim for a share of the Settlement, Settlement Class Members are set to receive —

8  on average — over $6,500[8] per Class Member (before Court approved deductions).

9  Because not all Class Members will file claims, the actual recoveries for the Settlement

10  Class Members who file claims will be significantly higher.  This result far exceeds

11  settlements approved by other courts.  *See, e.g., Rodriguez*, 563 F.3d at 965 (affirming

12  district court's approval of settlement amounting to 30% of the damages estimated by the

13  class expert); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (affirming

14  district court's approval of settlement estimated to be worth between 1/6 and 1/2 of class

15  members' estimated loss); *In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D.

16  Cal. 2008) (approving settlement amounting to nine percent of estimated total damages).

17      The funds distributed to Settlement Class Members will be allocated in a manner

18  that is fair and reasonable, and no segment of the Class will be excluded from relief.  *See,*

19

20

---

[8] $26,305,000 / 4,013 ='s $6,554

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
Page 25

4348873

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

1    *e.g.*, *Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 225 (N.D. Ill. 2015) (recognizing

2    that when some class members have stronger claims than others, it is appropriate to provide

3    larger settlement awards to those class members). Each Settlement Class Member's share

4    will be based on standard values for property damage and conversion of personal property,

5    as well as the Class Members' actual fair market rental value damage calculated from

6    automated valuation model ("AVM") appraisals and per-diem rental value calculations

7    performed individually for each Class Member by leading experts in the field of real

8    property market valuations. *Declaration of Dr. John A. Kilpatrick in Support of Plaintiff's*

9    *Motion for Preliminary Approval*. ("Kilpatrick Decl.") Settlement Class Members who

10   experienced a longer period of time between the initial lock change and the ultimate

11   foreclosure or conveyance of their homes will receive larger shares of the Settlement Fund

12   because they were denied exclusive possession of their home longer than other Class

13   Members. *Id.* ¶¶ 7 and 8. Similarly, those Class members whose homes have a higher

14   market value will receive higher rental value damages. *Id*. This approach to calculating

15   fair market rental value damages mitigates the risk that Class Members are under or

16   overcompensated from the Settlement Fund.

17       **5. The Extent of Discovery Completed at the Stage of Proceedings**

18       Under this factor, courts look to whether the parties have sufficient information to

19   make an informed decision with respect to the settlement. *See In re Mego Fin. Corp.*, 213

20   F.3d at 459. Here, Plaintiff conducted significant discovery before reaching this

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
Page 26

4348873

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

1   Settlement.  Wells Fargo responded to Plaintiff's extensive written discovery requests and

2   ultimately produced approximately 27,000 pages of documents and data.  Gatens Decl. ¶

3   22.  Much of the documents and data that were produced came from extensive and

4   sophisticated electronic systems and databases maintained by Wells Fargo.  *Id*.  Thus, not

5   only are the Plaintiff and Class Counsel able to determine what entries and lock changes

6   occurred on each Class Members' property, but they can determine when each activity

7   occurred and when the Class Member's home was foreclosed upon or conveyed to a third

8   party.  *Id*.  Plaintiff and Class Counsel have received adequate discovery to assess the

9   strength of the claims, the amount of damages incurred by the Class, and the risks of

10  continued litigation.

11         **6.  The Experience and Views of Counsel**

12         The recommendation of experienced counsel weighs in favor of granting approval

13  and creates a presumption of reasonableness.  *See Bellinghausen v. Tractor Supply Co.*,

14  306 F.R.D.  245, 257 (N.D. Cal.  2015) ("The trial court is entitled to, and should, rely upon

15  the judgment of experienced counsel for the parties." (citation omitted)); *Knight v. Red

16  Door Salons, Inc.*, No.  08-01520 SC, 2009 WL 248367, at *4 (N.D. Cal.  Feb.  2, 2009)

17  (citing counsel's experience and recommendation as weighing in favor of approval).

18         Here, Class Counsel have extensive experience advocating for homeowners who

19  were in default on their loans and investigating, litigating, certifying, trying, and settling

20  class action cases like this one.  Gatens Decl. ¶¶ 24-26.  Class Counsel Clay Gatens is lead

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
Page 27
4348873

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O.  Box 1688
Wenatchee, WA 98807-1688

1  counsel for the plaintiff and the certified class in the seminal case addressing preforeclosure

2  lock changes, *Jordan v. Nationstar Mortgage, LLC*. *Id.* ¶ 24. Mr. Gatens also acted as a

3  homeowner advocate in front of the Washington State Legislature during the 2017 and

4  2018 legislative session and the passing of 2018 Wash. Sess. Laws ch. 306 §§ 10–13. *Id.*

5  ¶ 27. Counsel are intimately familiar with the legal issues in this case and in consumer

6  class actions generally. *Id.* ¶ 28. Mr. Gatens believes the Settlement is fair, reasonable,

7  adequate, and in the best interest of the Settlement Class as a whole. *Id.* The fact that

8  qualified and well-informed counsel endorse the Settlement as being fair, reasonable, and

9  adequate weighs heavily in favor of preliminary approval.

10    ### 7. The Presence of a Governmental Participant

11    While no governmental entity is a party to this litigation, notice will be issued to the

12  Attorney General of the United States and Attorneys General of each state in which a Class

13  Member resides in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715, and

14  such officials will be given an opportunity to raise any objections or concerns they may

15  have. Settlement Agreement, § VIII.5.

16    ### 8. The Reaction of Class Members to the Settlement

17    The Class Members have not yet had an opportunity to react to the Settlement

18  because they have not been sent notice. Plaintiff will provide the Court with information

19  about Class Members' reaction in their motion for final approval of the Settlement.

20    ### 9. The Settlement is the Product of Informed and Non-Collusive Negotiations

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
Page 28

4348873

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

"Arm's length negotiations conducted by competent counsel constitute *prima facie* evidence of fair settlements." *Ikuseghan v. Multicare Health Sys.*, No. 3:14-cv-05539-BHS, 2016 WL 3976569, *3 (W.D. Wash. July 25, 2016); *see also Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 852 (1999) ("[O]ne may take a settlement amount as good evidence of the maximum available if one can assume that parties of equal knowledge and negotiating skill agreed upon the figure through arms-length bargaining."); *see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 227 F.R.D. 553, 567 (W.D. Wash. 2004) (approving settlement entered into in good faith, following arm's-length and non-collusive negotiations).

The parties participated in arm's-length settlement negotiations over the course of 6 months and two separate full-day mediation sessions, ultimately resulting in the Settlement Agreement. *See* 17 *Ruch v. AM Retail Group, Inc.*, No. 14-cv-05352-MEJ, 2016 WL 1161453, at *11 18 (N.D. Cal. Mar. 24, 2016) (holding that the "process by which the parties reached their settlement," which included "formal mediation ... weigh[ed] in favor of preliminary approval").

**C. Class Counsel's Requested Attorneys' Fees and Costs Are Reasonable**

Class Counsel intend to seek an award of not more than twenty-five percent (25%) of the Common Fund Payment to compensate them for the work performed on behalf of the Class and the work yet to be performed. Class Counsel will also seek no more than $35,000.00 as reimbursement for out-of-pocket expenses incurred in prosecuting this

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Page 29
4348873

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

1  action.

2      The attorneys' fees and costs Class Counsel seek are reasonable under the

3  circumstances of this case.  *See In re Bluetooth*, 654 F.3d at 941 (requiring that any

4  attorneys' fee awarded be reasonable).  Because Washington law governs the central claims

5  in the case, it also governs the award of fees.  *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043,

6  1047 (9th Cir. 2002).  "Under Washington law, the percentage-of-recovery approach is

7  used in calculating fees in common fund cases." *Id.*  (citing *Bowles v. Dep't of Ret. Sys.*,

8  121 Wn.2d 52, 72, 847 P.2d 440 (1993)).  Although a district court in the Ninth Circuit has

9  discretion in common fund cases to choose either the percentage-of-recovery method or the

10 lodestar method, the "primary basis of the fee award remains the percentage method." *Id.*

11 *at* 1047, 1050–51 (affirming attorney fee award of 28% of the common fund, which

12 represented a lodestar multiplier of 3.65).  "This method aligns the interests of counsel and

13 the class by allowing class counsel to directly benefit from increasing the size of the class

14 fund." *Craft v. Cnty. Of San Bernardino*, 624 F. Supp. 2d 1113, 1123 (C.D. Cal. 2008).

15     The "benchmark" for a percentage fee award is "25 percent of the recovery

16 obtained." *Vizcaino*, 290 F.3d at 1047 (quoting *Bowles*, 121 Wn.2d at 72–73).  Generally,

17 "fees of less than 25% will be awarded in megafund cases (cases of $50 million or more),"

18 while "[c]ases of under $10 million will often result in fees above 25%.." *Craft*, 624 F.

19 Supp. 2d at 1127.

20     The standard benchmark amount of 25% of the common fund is an appropriate

1  benchmark in light of the exceptional results achieved, the risks inherent in the case, and

2  the fact that this contingency fee case has required counsel to forego other work for years.

3  *See Vizcaino*, 290 F.3d at 1049–50.  Class Counsel have spent over 1,400 hours prosecuting

4  this case on behalf of the Class.  Gatens Decl. ¶ 32.  Finalizing the settlement, overseeing

5  notice to a Class of over four thousand individuals, and distributing the Class Fund will

6  require an additional time commitment.  Class Counsel will file a motion for final approval

7  and fee petition detailing their work on behalf of the Class and the basis for the fee and cost

8  request within thirty days of the Settlement Notice Date.  Settlement Agreement, § VI.2.

9  **D. Certification of the Class for Purposes of Settlement is Appropriate**

10  Provisional certification of a class for settlement purposes permits class members to

11  receive notice of the Settlement, their right to be heard on its fairness, their right to opt out,

12  and the date, time, and place of the formal fairness hearing.  *See* MCL 4th §§ 21.632,

13  21.633.  For the reasons set forth below, provisional certification is appropriate under Rule

14  23(a) and (b)(3).

15  **1.  The Class Satisfies the Requirements of Rule 23(a)**

16  The Rule 23(a) requirements are numerosity, commonality, typicality, and adequacy.

17  Fed. R. Civ. P. 23(a).  Wells Fargo's data shows the Class includes approximately 4,013

18  people.  Joinder of all such persons is impracticable.  *See* Fed. R. Civ. P. 23(a)(1); *Hanlon*,

19  150 F.3d at 1019.

20  The commonality requirement is satisfied because there are many questions of law

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

1    and fact common to the Class that center on Wells Fargo's uniform policies and practices

2    when conducting preforeclosure entries and lock changes.  *See* Fed. R. Civ. P. 23(a)(2).  In

3    fact, the United States District Court for the Western District of Washington and the United

4    States District Court for the Eastern District of Washington have certified and maintained

5    class certification against other defendants that have conducted the type of preforeclosure

6    entries and lock changes that are at issue in this case.  *Laura Zamora Jordan v. Nationstar*

7    *Mortgage, LLC, No.* 2:14-CV-0175-TOR, E.D. Wash. (September 6, 2017) ECF No. 207

8    (denying Defendant's motion to de-certify class and upholding class certification in Chelan

9    County Superior Court No. 12-2-00385-2, May 9, 2014); *John Bund II, et al. v. Safeguard*

10   *Properties, LLC*, No. 2:16-cv-920-MJP, W.D. Wash. (Jan. 12, 2018) ECF No. 204.

11       The typicality requirement is satisfied because Plaintiff's claims, which are based on

12   Wells Fargo's allegedly uniform preforeclosure and lock change practices, are "reasonably

13   coextensive with those of the absent class members." *See* Fed. R. Civ. P. 23(a)(3); *Hansen*

14   *v. Ticket Track, Inc.*, 213 F.R.D. 412, 415 (W.D. Wash. 2003).

15       The adequacy of representation requirement is satisfied because Plaintiff's interests

16   are coextensive with, and not antagonistic to, the interests of the Class.  *See* Fed. R. Civ. P.

17   23(a)(4); *see also Hansen*, 213 F.R.D. at 415–16.  Further, Plaintiffs are represented by

18   qualified and competent counsel who have extensive experience and expertise in

19   prosecuting consumer class actions, including cases involving default borrowers and

20   preforeclosure property preservation activities conducted by lenders and loan servicers.

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Page 32
4348873

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

1   *See* Gatens Decl. ¶¶ 23-31.

2   ### 2. The Settlement Class Satisfies the Requirements of Rule 23(b)(3)

3   Class certification is appropriate under Rule 23(b)(3) when the court finds that

4   "questions of law or fact common to class members predominate over any questions

5   affecting only individual members, and that a class action is superior to other available

6   methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

7   Both requirements are satisfied in this case.

8   Predominance is satisfied here because the common and overarching questions in

9   this case are whether the preforeclosure entries and lock changes conducted by Wells Fargo

10  interfere with the borrower's exclusive right to possession of their home. *See* RCW

11  7.28.230.

12  In addition, damages awards can be calculated using Wells Fargo's records and the

13  public records. There are no individualized issues that undermine predominance and

14  because the claims at issue all implicate Washington law there are no choice of law issues

15  presented either[9].

16  _____

17  [9] The Ninth Circuit's recent decision in *In re Hyundai and Kia Fuel Economy Litig.*, ---

18  F.3d ---, 2018 WL 505343 (9th Cir. Jan. 23, 2018), is not relevant here. *Hyundai*

19  addressed the standards applicable when a district court is asked to approve a settlement

20  of a nationwide class. *Id.* at *11. In contrast to *Hyundai*, all of the Class's claims are

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
Page 33

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

1    Resolution of thousands of relatively small-value claims in this one action is far

2  superior to individual lawsuits and promotes consistency and efficiency of adjudication.

3  *See* Fed. R. Civ. P. 23(b)(3); *see also Hansen*, 213 F.R.D. at 416–17 (noting that

4  cumbersome nature of individual litigation and comparatively minimal damages

5  recoverable make it likely that class members will have little interest in bringing their own

6  action).

7    The requirements of both Rule 23(a) and (b)(3) are met and certification of the Class

8  for purposes of settlement is appropriate.

9  **E. The Proposed Notice Program is Constitutionally Sound**

10    Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class

11  members who would be bound by" a settlement.  Fed. R. Civ. P. 23(e)(1); *see also* MCL

12  4th § 21.312.  The best practicable notice is that which is "reasonably calculated, under all

13  the circumstances, to apprise interested parties of the pendency of the action and afford

14  them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust*

15  *Co.*, 339 U.S. 306, 314 (1950).

16    Here, Class Members can be identified through Wells Fargo's records.  The parties

17  have agreed to direct notice via first class mail that is tailored to ensuring Class Members

18  ———————————

19  governed by either Washington or federal law so there are no choice of law issues to

20  consider.

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

1  receive notice of the Settlement.  As described above, the Class Administrator will send

2  the written notice to Class Members directly through by mail using the most recent contact

3  information available based on Wells Fargo's records, the National Change of Address

4  system, and skip tracing where necessary.  Settlement Agreement, § VIII.4.(a)-(c).  The

5  Class Administrator will also create a settlement website, which will display the full notice.

6  *Id. at* § VIII.4.(b).  The Class Administrator will also provide a toll-free phone number

7  where Class Members can call and obtain information regarding the Settlement.  *Id. at* § §

8  VIII.4.(c).

9          Notice of a class settlement must generally inform class members of the following:

10  (1) the nature of the pending litigation; (2) the general terms of the settlement; (3) the

11  definition of the class; and (4) the options open to the class members and the deadlines for

12  taking action.  *See Newberg* § 8:17.  The notice in this case provides all this information in

13  plain and easily understood language with neutral and objective information about the

14  nature of the Settlement and where to find more information.  Gatens Decl. ¶¶ 34-35, Exs.

15  G and H.  The settlement website will include the full notice, links to key documents in the

16  case, and a listing of key dates and deadlines.  *Id. at* § VIII.4.(b).

17  **F.  The Schedule for Final Approval**

18          The next steps in the settlement approval process are to schedule a final approval

19  hearing, notify class members of the Settlement and final approval hearing, and provide

20  Class Members with the opportunity to exclude themselves from, or object to, the

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
Page 35

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O.  Box 1688
Wenatchee, WA 98807-1688
4348873

Settlement. The parties propose the following schedule for final approval of the Settlement:

| ACTION | DATE |
|---|---|
| Preliminary Approval Order Entered | At the Court's Discretion |
| Deadline for Mailing Class Notice ("Settlement Notice Date") | Within 70 days after entry of Preliminary Approval Order |
| Deadline for Motion for Final Approval and Fee Request | 30 days after Settlement Notice Date |
| Exclusion Deadline ("Exclusion Deadline") | At the Court's discretion |
| Objection Deadline ("Objection Deadline") | 60 calendar days after the Settlement Notice Date |
| Deadline for Supplemental Memorandum in Support of Final Approval and Response to Objections | 14 days before Final Approval Hearing |
| Final Approval Hearing / Noting Date | No earlier than 30 days after Exclusion and Objection Deadlines |
| Final Approval Order Entered | At the Court's discretion |

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court take the following initial steps in the settlement approval process: (1) provisionally certify the proposed Class; (2) appoint Plaintiff as the class representative; (3) appoint Jeffers,

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
Page 36

4348873

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

1  Danielson, Sonn & Aylward, P.S. as Class Counsel; (4) grant preliminary approval to the

2  Settlement; (5) approve the proposed notice plan; (6) appoint Garden City Group, LLC as

3  Class Administrator; and (7) schedule the final fairness hearing and related dates.

4        DATED the 19th day of June, 2018.

5

6                              s/CLAY M. GATENS
                               Clay M. Gatens, WSBA No. 34102
7                              Devon A. Gray, WSBA No. 51485
                               JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
8                              2600 Chester Kimm Road
                               P.O. Box 1688
9                              Wenatchee, WA 98807-1688
                               Telephone: 509-662-3685
10                             Fax: 509-662-2452
                               Email: ClayG@jdsalaw.com
11                             Email: DevonG@jdsalaw.com

12                             Attorneys for Plaintiff

13

14

15

16

17

18

19

20

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
Page 37
4348873

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of June, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System. Notice of this filing will be sent to the parties listed below by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Rudy A. Englund:          englundr@lanepowell.com
David C. Spellman:        spellmand@lanepowell.com
Jane E. Brown:            brownje@lanepowell.com
Jennifer Sheffield        sheffieldj@lanepowell.com

DATED at Wenatchee, Washington this 19th day of June, 2018.

s/CLAY M. GATENS
Clay M. Gatens, WSBA No. 34102
Attorney for Plaintiff
JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
2600 Chester Kimm Road
P.O. Box 1688
Wenatchee, WA 98807-1688
Telephone: 509-662-3685
Fax: 509-662-2452
Email: ClayG@jdsalaw.com

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
Page 38

4348873