1

HON. SALVADOR MENDOZA JR.

Clay M. Gatens

2  Devon A. Gray

Jeffers, Danielson, Sonn & Aylward, P.S.

3  PO Box 1688

Wenatchee, WA 98807-1688

4  (509) 662-3685 / (509) 662-2452

5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF WASHINGTON

7

| | |
|---|---|
| VALERIE RHODES, a single woman, and on behalf of others similarly situated, | NO. 2:17-CV-0093-SMJ |
| Plaintiff, | PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT |
| vs. | |
| WELLS FARGO BANK, NATIONAL ASSOCIATION, A National Banking Association | Noted for Hearing: December 18, 2018 10:30 a.m. With Oral Argument |
| Defendant. | CLASS ACTION |

8

9

10

11

12

13

14

15

16

17

18

19

20

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT

45M4814

# TABLE OF CONTENTS

II.    INTRODUCTION ...................................................................................................1

III.   STATEMENT OF FACTS ......................................................................................2

IV.   AUTHORITY AND ARGUMENT .......................................................................4

   A.   Plaintiff and Class Counsel have adequately represented the class, obtaining a substantial settlement to which no class member or governmental participant has objected. ................................................................................................................5

   B.   The proposed settlement is the product of informed, arms-length negotiations after extensive discovery. .....................................................................................7

   C.   The proposed settlement provides exceptional relief for the class.........................8

     1.  Continued litigation would be complex, lengthy, and expensive. ......................9

     2.  The proposed settlement utilizes effective and constitutionally sound methods to notify and distribute relief to the class. ......................................................10

     3.  The proposed settlement is reasonable in light of the requested attorneys' fees and the timing of their distribution................................................................12

     4.  The Settlement Agreement provides substantial relief to all Eligible Settlement Class Members. ..............................................................................................13

     5.  The proposed settlement treats all class members equitably. ...........................14

V.    CONCLUSION ....................................................................................................15

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - Page i

45M4814

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

1

# TABLE OF AUTHORITIES

2

## Federal Court Opinions

3

4

*Churchill Vill., L.L.C. v. Gen. Elec.*,
   361 F.3d 566 (9th Cir. 2004) ................................................................ 4

5

*Craft v. Cnty. of San Bernardino*,
   624 F. Supp. 2d 1113 (C.D. Cal. 2008) ............................................... 12

6

*Bund v. Safeguard Props., LLC*,
   No. 2:16-cv-00920-MJP ECF. No. 320 (W.D. Wash. Aug. 20, 2018) ........................ 10

7

*Bund v. Safeguard Props., LLC*,
   No. 2:16-cv-00920-MJP, ECF. No. 346 (W.D. Wash. Oct. 19, 2008) ........................ 10

8

*John R. Bund II, et al v. Safeguard Properties, LLC*,
   No. 18-35953 (9th Cir.) ....................................................................... 10

9

*Garner v. State Farm Auto Ins. Co., No. CV 08 1365 CW* (EMC),
   2010 WL 1687832 (N.D. Cal. April 22, 2010) ................................... 15

10

*Huss v. Spokane Cty., No. CV05-180FVS*,
   2010 WL 11617854 (E.D. Wash. Mar. 19, 2010) ................................. 6

11

12

*In re Bluetooth Headset Prods. Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2011) ........................................................ 5, 12

13

*In re Mego Fin. Corp. Sec. Litig.*,
   213 F.3d 454 (9th Cir. 2000) .......................................................... 5, 8

14

*Laura Zamora Jordan v. Nationstar Mortgage, LLC*,
   No. 2:14-cv-00175-TOR , ECF No. 369 (E.D. Wash. Nov. 26, 2018) ........................ 14

15

16

*Martinez v. Auvil Fruit Company, Inc.*,
   No. 2:16-cv-356-RMP, ECF. No. 65 (E.D. Wash. Oct. 10, 2018) ............................. 7

17

*Pelletz v. Weyerhaeuser Co.*,
   255 F.R.D. 537 (W.D. Wash. 2009) ..................................................... 7

18

*Radcliffe v. Experian Info. Solutions*,
   715 F.3d 1157 (9th Cir. 2013) ............................................................ 6

19

20

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - Page i

45M4814

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

*Rinky Dink Inc. v. World Bus. Lenders, LLC,*
  *No. C14-0268JCC*, 2016 WL 3087073 (W.D. Wash. May 31, 2016) ........................ 6

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) .................................................................. 5

*Steiner v. Am. Broad. Co.*,
  248 Fed. Appx. 780 (9th Cir. 2007) ......................................................... 12

**United States Code**

28 U.S.C. Section 1715 ............................................................................. 2

**State Statutes**

RCW 4.24.630 ................................................................................. 9, 10, 11

RCW 19.86, et seq ................................................................................... 9

**Federal Rules**

Fed. R. Civ. P. 23(e)(3) ...........................................................................4, 5

**Other Authorities**

MANAGING CLASS ACTION LITIGATION: A POCKET GUIDE FOR JUDGES,

(3d ed. 2010) ......................................................................................... 5

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - Page ii

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

45M4814

## I.    INTRODUCTION

Plaintiff respectfully requests this Court grant final approval of the Settlement in this case. Since this Court granted Preliminary Approval (ECF No. 62), settlement administrator Garden City Group, LLC ("GCG") has fully and successfully implemented the approved notice program, providing direct notice of the Settlement terms to over 90% of the Settlement Class. That Settlement establishes a $26,305,000 common fund, out of which each Eligible Settlement Class Member[1] stands to receive an individually-calculated settlement award between $80 and over $33,000. These awards are fair, adequate, reasonable, and the first of their kind in Washington State and the nation, providing substantial monetary relief for the Settlement Class. No class members or governmental participants have objected to the settlement; only two class members requested exclusion.

Plaintiff respectfully requests this Court (1) approve the proposed Settlement as fair, adequate, and reasonable; (2) determine that adequate notice was provided to the Settlement Class; (3) approve Class Counsel's requested attorneys' fees and costs of $3,288,125; (4) approve notice and claims administration expenses not to exceed $38,300; (5) grant final class certification to the Settlement Class; and (6) approve a $10,000 service award for the sole representative plaintiff in this action, Valerie Rhodes ("Plaintiff").

---

[1] Unless otherwise defined, capitalized terms have the same meaning ascribed to them in the Settlement Agreement. ECF No. 60, Ex. F ("Settlement Agreement").

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - Page 1

45M4814

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

## II.    STATEMENT OF FACTS

On June 25, 2018 this Court entered its Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement. ECF No. 62. Since this Court's order, the parties have completed a comprehensive and targeted notice program.

Consistent with the Class Action Fairness Act ("CAFA"), 28 U.S.C. Section 1715, Defendant provided notice of the Settlement to the U.S. Attorney General, Office of the Comptroller of the Currency, and the attorneys' general of all fifty states as well as the District of Columbia, American Samoa, Guam, Northern Mariana Islands, Puerto Rico, and the Virgin Islands. Declaration of Rudy A. Englund ("Englund Decl.") ¶¶ 2-4. No CAFA notice recipient responded or objected. *Id*. ¶ 5.

Class Counsel provided GCG with 4,008 names, addresses, and damages claim amounts for Settlement Class Members. Declaration of Amanda Sternberg Regarding Implementation of Notice Plan ("Sternberg Decl.") ¶ 4; Declaration of Clay M. Gatens in Support of Plaintiff's Motion for Final Approval of Class Action Settlement ("Gatens Decl.") ¶ 2. GCG updated addresses for Settlement Class Members using the National Change of Address database. *Id*. ¶ 5. GCG mailed postcard notices to each of the 4,008 individuals for whom a complete address could be located. *Id*. ¶ 6. GCG also mailed notices to 67 bankruptcy trustees for Chapter 7 and Chapter 13 bankruptcy matters relating to 152 Class Members whose claims in this action may have been discharged in bankruptcy. *Id*. GCG re-mailed any notice that was returned with forwarding address information. *Id*. ¶ 7.

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - Page 2

45M4814

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

1   For notices returned without forwarding information, GCG performed additional address

2   searches using credit and other public source databases. *Id.* ¶ 8. GCG promptly re-mailed

3   notices to the updated addresses it located. *Id.* In total, 3,614 Settlement Class members

4   (90.16% of the Settlement Class) apparently received the Court-approved notice. *Id.* ¶ 9.

5        GCG also established a toll-free telephone number that utilized an interactive voice

6   response system to provide Settlement Class Members (and trustees) with basic

7   information regarding the case, notice, and other important documents. *Id.* ¶ 11.

8   Approximately 113 Settlement Class members called this toll-free service. *Id.* ¶ 12. GCG

9   likewise established and continues to maintain a website providing Settlement Class

10  Members and trustees with answers to frequently-asked questions, access to settlement

11  documents and key pleadings, and the ability to request exclusion electronically. *Id.* ¶ 10.

12       Plaintiff filed her Motion for an Award of Fees and Costs on October 1, 2018. ECF

13  Nos. 71–78. GCG uploaded Class Counsel's fee and cost petition to the settlement website

14  less than 24 hours later. *Id.* ¶ 10. On October 30, 2018, the objection and opt out deadlines

15  expired. *See* ECF No. 62 p. 9. None of the Settlement Class Members or trustees objected

16  to the Settlement or fee request. Sternberg Decl. ¶ 14; Gatens Decl. ¶ 3. Only one

17  Settlement Class Member (and no trustees) timely requested exclusion. Sternberg Decl. ¶

18  13. One Settlement Class Member also submitted an untimely request. *Id.*

19       The Settlement preliminarily approved by this Court requires Defendant establish a

20  $26,305,000 non-reversionary common fund for the benefit of the Settlement Class. *See*

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - Page 3

45M4814

ECF No. 62 at 3. Pursuant to the Settlement Agreement, Eligible Settlement Class Members are entitled to distributions from the non-reversionary net common fund as calculated on an individual basis. ECF No. 60, Ex. F at § V.3(a)-(c).

### III.    AUTHORITY AND ARGUMENT

The approval process for a class action settlement takes place in three stages: preliminary approval, notice, and final approval. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004). On June 25, 2018 this Court granted Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement. ECF No. 62. GCG timely and successfully completed the Court-approved notice plan. Sternberg Decl. ¶¶ 4–12. Now, the Court must determine whether, in light of all the information learned during the first two stages, final approval is warranted. *See Churchill Vill., LLC*, 361 F.3d 566.

Under the recently-amended Federal Rule 23, this Court should approve the proposed settlement only if it is "fair, reasonable, and adequate after considering whether:

(A)    the class representative[] and class counsel have adequately represented the class;
(B)    the proposal was negotiated at arm's length;
(C)    the relief provided for the class is adequate, taking into account:
    (i)    the costs, risks, and delay of trial and appeal;
    (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
    (iii)    the terms of any proposed award of attorney's fees, including timing of payment; and
    (iv)    any agreement required to be identified under Rule 23(e)(3); and
(D)    the proposal treats class members equitably relative to each other."

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - Page 4

45M4814

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

Fed. R. Civ. P. 23(e)(3).[1] These factors are substantially similar to those adopted by the Ninth Circuit. *See In re Bluetooth Headset Prods. Liab. Litig.,* 654 F.3d 935, 946–47 (9th Cir. 2011) ("[C]ourts generally must weigh (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement."); *see also Staton v. Boeing Co.*, 327 F.3d 938, 974 (9th Cir. 2003); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). The proposed settlement satisfies all four enumerated factors.

## A. Plaintiff and Class Counsel have adequately represented the class, obtaining a substantial settlement to which no class member or governmental participant has objected.

Plaintiff has adequately represented all Class Members in this action and remained an active participant throughout this litigation. ECF No, 60, ¶ 20.  She assisted her counsel in investigating claims on an individual and class-wide basis, preparing pleadings, and remaining apprised of the litigation. *Id.* She also participated in mediation, meetings and conferences with counsel, and was prepared to testify at depositions and trial. *Id.* Her efforts, including the risks she took and the time she expended supporting the litigation, were crucial to achieving the exceptional result for the Settlement Class.  Plaintiff therefore

---

[1] The amendments to Fed. R. Civ. P. 23(e) took effect on December 1, 2018.

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - Page 5

45M4814

requests this Court award her $10,000 for her services as the sole class representative. ECF. Nos. 71 p. 26, 72 ¶ 58, and 75 ¶ 2. Her request is reasonable and does not undermine her adequacy as a class representative. *See Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1164 (9th Cir. 2013). It is appropriate and in line with similar awards approved by this Court. *See e.g. Martinez v. Auvil Fruit Company, Inc.*, No. 2:16-cv-356RMP, at p. 8 (E.D. Wash. Oct. 10, 2018) (awarding $10,000 incentive fee each to two named plaintiffs); *Huss v. Spokane Cty.*, No. CV05-180FVS, 2010 WL 11617854, at *1 (E.D. Wash. Mar. 19, 2010) (awarding $10,000 incentive fee to named plaintiff); *see also Rinky Dink Inc. v. World Bus. Lenders, LLC*, No. C14-0268JCC, 2016 WL 3087073 (W.D. Wash. May 31, 2016) (awarding $10,000 each to two named plaintiffs).

Class Counsel has likewise fully and adequately represented all members of the Settlement Class. Class Counsel harnessed the experience they gained in federal and state trial and appellate courts over nearly seven years of hard-fought class-wide litigation challenging practices similar to those at issue here. ECF No. 72 ¶¶ 2–4. They leveraged that experience to quickly and efficiently work through discovery, resolve discovery disputes, conduct multiple rounds of mediation, and ultimately obtain substantial awards for all Eligible Class Members—the first awards of their kind in Washington state and the nation. Gatens Decl. ¶ 7; ECF Nos. 72 ¶¶ 16–43, 73 ¶¶ 2–10. After extensive discovery, exhaustive evaluation of Plaintiff's claims, and participating in multiple rounds of mediation, Plaintiff's attorneys firmly believe the settlement is fair, reasonable, adequate,

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - Page 6

45M4814

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

and in the best interest of the Settlement Class as a whole. Gatens Decl. ¶ 7; *see Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 543 (W.D. Wash. 2009) (Where Plaintiff's attorneys are qualified and well informed, their opinion regarding settlement is entitled to significant weight.). The first factor weighs in favor of final approval.

**B.      The proposed settlement is the product of informed, arms-length negotiations after extensive discovery.**

The Settlement Agreement was negotiated by the parties at arms-length, over the course of two full-day mediations in front of two separate mediators, and only after the completion of significant discovery. Wells Fargo produced (and Class Counsel analyzed) over 28,000 pages of documents. ECF No. 60, ¶ 9. Among other things, these productions identified every lock change and relevant property preservation activity completed on Settlement Class Members' properties during the Class Period. It identified Defendant's common policies and practices, its oversight and training procedures, complaint logs, vendor lists, client lists, and the manuals and architecture of the sophisticated systems and databases of record employed to order, confirm, and track lock changes and related activities. *Id.* Class Counsel also conducted two days of comprehensive Fed. R. Civ. P. 30(b)(6) depositions covering extensive topics. *Id.* ¶¶ 10-11.

Through this discovery, Plaintiff was able to identify and quantify her three distinct damage categories: damage for the destruction of Class Members' locks; damages for the removal of personal property; and reasonable fair market rental value damages arising as a result of each Class Member's loss of their exclusive right to possess their homes prior to

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - Page 7

45M4814

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

the completion of any foreclosure. Gatens Decl. ¶ 4. Plaintiff also retained a consulting expert approved as an expert in property valuation by other federal district courts to calculate the amount of each class member's fair market rental value damages. *Id.* ¶ 5.

Plaintiff then utilized her consulting expert's opinion and information learned through discovery to negotiate a favorable settlement over the course of two separate mediations: one mediation in San Francisco, California with the Honorable William J. Cahill, which resulted in preliminary agreement and term sheet but ultimately was unsuccessful, and a second mediation in Boston, Massachusetts with Mr. Eric Green of Resolutions, LLC, which resulted in the proposed settlement. ECF No. 72 ¶¶ 10–14.

In short, Plaintiff and her counsel expended significant effort and had (and took) every opportunity to make an informed decision about the strength of the Settlement Class's claims. *See In re Mego Corp. Securities Litig.*, 213 F.3d 454, 458 (9th Cir. 2000) (Whether the Plaintiff had enough information to make an informed decision about the strength of their respective cases is a key factor in assessing the reasonableness of a proposed class settlement). The second factor weighs in favor of final approval.

**C.    The proposed settlement provides exceptional relief for the class.**

When determining if the relief provided is adequate, Rule 23 instructs this Court to take into account "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorneys' fees, including

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - Page 8

45M4814

1  timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)."

2  All four of these sub-factors merit final approval.

3  **1.    Continued litigation would be complex, lengthy, and expensive.**

4  By the time the parties reached the Settlement Agreement, Plaintiff's Motion to

5  Compel was fully briefed but awaiting oral argument and this Court's ruling. ECF No. 21.

6  Should litigation continue, Plaintiff would need to re-familiarize herself with her motion

7  to compel, review any resulting productions, and supplement her class certification briefing

8  in short order. Gatens Decl. ¶ 6. And even assuming Plaintiff successfully certified a class,

9  she would then face significant and complex briefing and arguments regarding liability and

10 damages. Despite the Washington State Supreme Court's decision clarifying that the pre-

11 foreclosure lock changes and property activities challenged here violation long-standing

12 Washington law, this case is not necessarily cut and dried. Plaintiff would still need to

13 prove liability under Washington's Consumer Protection Act (RCW 19.86, *et seq.*),

14 Washington's intentional trespass statute (RCW 4.24.630), and Washington's common law

15 theory of trespass. Plaintiff expects she would need additional depositions of Wells Fargo

16 representatives and third-party vendors before filing any dispositive motion. *Id.*

17 Continued litigation would also require significant and expensive expert work,

18 including expert disclosures, expert depositions, and *Daubert* motions. *Id.* Plaintiff would

19 need to prove her expert-driven fair market rental value damage theory and expend

20 considerable time and energy to prepare for trial. *Id.* Based on Class Counsel's experience

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - Page 9

45M4814

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

1  in similar matters, this outstanding work—even without considering subsequent and

2  inevitable appeals—would delay payment to Settlement Class Members by an additional

3  nine months to one year. *Id.*

4      And while Plaintiff is confident she could accomplish all of these tasks, they are not

5  without risk. Indeed, after the parties in this case executed the Settlement Agreement, a

6  federal district court presiding over a similar case granted summary judgment in favor of

7  the defendant, dismissing claims under the Consumer Protection Act, decertifying the

8  class, and dismissing the action. *Bund v. Safeguard Props., LLC*, No. 2:16-cv-00920MJP,

9  ECF. No. 320 (W.D. Wash. Aug. 20, 2018) (Order on Motions for Summary Judgment),

10  ECF. No. 346 (W.D. Wash. Oct. 19, 2008) (Order on Motion for Decertification of Class).

11  Plaintiff respectfully disagrees with the *Bund* decisions (and the plaintiffs in that case have

12  appealed to the United States Court of Appeals for the Ninth Circuit). *John R. Bund II, et*

13  *al v. Safeguard Properties, LLC*, No. 18-35953 (9th Cir.). Nevertheless, the *Bund* order

14  exemplifies the risks inherent in further litigation. This factor favors final approval.

### 2.  The proposed settlement utilizes effective and constitutionally sound methods to notify and distribute relief to the class.

16      The Court has already determined that the notice program in this case satisfies due

17  process. ECF No. 62. GCG fully implemented the notice program, providing 90.16% of

18  the Settlement Class Members with direct mailed notice—well within the range endorsed

19  by the Federal Judicial Center. MANAGING CLASS ACTION LITIGATION: A POCKET GUIDE

20  FOR JUDGES, p. 27 (3d ed. 2010) (the norm is in the 70–95% range); Sternberg Decl. ¶ 9.

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - Page 10

45M4814

1    GCG maintained the settlement website and class number and fully responded to the

2    telephonic inquiries of 113 Settlement Class Members. *Id.* ¶¶ 11–12. The notice program

3    was fully implemented and provided the best notice practicable to the Settlement Class

4    Members.

5         And the proposed distribution process is both simple and efficient. The award for

6    Each Eligible Class Member is calculated on an individualized basis reflecting each

7    Eligible Class Member's harm: (1) each Eligible Settlement Class Member who suffered a

8    lock change will receive $80.00 to compensate for the damage caused by that lock change,

9    (2) each Eligible Settlement Class Member from whose home Defendant removed personal

10   property will receive $100.00 to compensate for their lost belongings, and (3) each Eligible

11   Settlement Class Member who experienced a lock change will receive their proportional

12   share of rental value damages based on the actual reasonable fair market rental value of

13   each Settlement Class Member's affected property during the time in which they were

14   deprived of their right to exclusive possession. Settlement Agreement § V.3.

15        Each Eligible Settlement Class Member will receive their individually-calculated

16   award via check sent by first class mail. *Id.* § V.3. If administratively feasible, those who

17   cash their original check will receive a second distribution of unclaimed funds. *Id.* at § V.5.

18   Any remaining funds will be distributed in *cy pres* to community organizations that serve

19   the needs of homeowner's facing foreclosure. *Id.* at § V.6. None of the Settlement Fund

20   will revert to Wells Fargo. *Id.* The notice program and distribution method satisfies due

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - Page 11

45M4814

process, is effective, and warrants final approval.

### 3. The proposed settlement is reasonable in light of the requested attorneys' fees and the timing of their distribution.

As detailed in Plaintiff's Motion for Attorneys' Fees and Service Award, Class Counsel's requested attorneys' fees are reasonable. ECF No. 71. Class Counsel requests an "all in" fee and cost award of 12.5% of the settlement fund ($3,288,125), only half of the Ninth Circuit "benchmark" for common fund fee awards. *In re Bluetooth*, 654 F.3d at 942–43. Pursuant to the Settlement Agreement, Class Counsel will not receive any payment until Settlement Class Member awards are distributed. Settlement Agreement § VI.2.

A lodestar cross check confirms the reasonableness of Class Counsel's request. Class Counsel has expended over 1,795 hours prosecuting this case, incurring more than $549,810 in lodestar fees, resulting in a 5.9 multiplier. Gatens Decl. ¶ 8. Class Counsel has also advanced $30,028 in costs for the benefit of the Plaintiff and the class. *Id.* These fees and costs were incurred at great risk to Counsel: no case of this kind has yet resulted in a favorable approved settlement or judgment. And they reflect the remarkable result Class Counsel was able to obtain for the Settlement Class in an efficient manner by leveraging their considerable experience. Class Counsel's fee request is reasonable and should be approved. *Cf Steiner v. Am. Broad. Co.*, 248 Fed. Appx. 780, 783 (9th Cir. 2007) (upholding 25% fee award yielding multiplier of 6.85, finding that it "falls well within the range of multipliers that courts have allowed"); *Craft v. Cnty. of San Bernardino*, 624 F. Supp. 2d 1113, 1125 (C.D. Cal. 2008) (approving 25% fee award yielding a multiplier of

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - Page 12

45M4814

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

5.2 and stating that "there is ample authority for such awards resulting in multipliers in this range or higher").

### 4.   The Settlement Agreement provides substantial relief to all Eligible Settlement Class Members.

The fourth subfactor likewise demonstrates the exceptional relief Plaintiff and her counsel obtained for the Settlement Class. If this Court approves the Settlement, Defendant will pay $26,305,00[1] into a non-reversionary common fund. The fund will be distributed to Eligible Class Members after deducting (1) class representative service awards in the requested amount of $10,000 as approved by the Court, (2) attorneys' fees and costs in the requested amount of $3,288,125 (12.5% of the common fund) as approved by the Court, and (3) notice and claims administration costs as approved by the Court in an amount not to exceed $28,300. Sternberg Decl. ¶ 15.  If the Court approves the service award, fees, costs, and expenses requested, $22,873,489.50 will be distributed to Settlement Class Members. Gatens Decl. ¶ 9. Thus, the *minimum average* distribution will be $5,709.80 per Eligible Class Member. *Id.* Any remaining unclaimed funds will be distributed *cy pres.* Settlement Agreement, at § V.5. The Settlement Class Members stand to receive significant

---

[1] Pursuant to the Settlement Agreement, Defendant will be credited with $105,085.50— the full amount paid to Greenfield and its vendor for pre-approval settlement administration. Declaration of Dr. John A. Kilpatrick on Support of Plaintiff's Motion for Final Approval, ¶¶ 4–5. Considering that credit, Defendant will fund $26,199,914.50 total.

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - Page 13

45M4814

1    awards. And the Agreement contains no clear sailing provision and no funds will revert to

2    the Defendant. *Id.* at § V.6. The Agreement merits approval.

3        Class Counsel is not aware of any other finally approved settlements that are directly

4    comparable to the instant case. Gatens Decl. ¶ 7. However, Class Counsel is lead Class

5    Counsel in a certified class action involving similar claims. *Laura Zamora Jordan v.*

6    *Nationstar Mortgage, LLC,* No. 2:14-cv-00175-TOR (E.D. Wash). In that case, Chief

7    Judge Rice recently granted preliminary approval of a proposed settlement that would

8    create a $17,000,000 common fund for the benefit of approximately 3,441 class members

9    who experienced a lock change. *Laura Zamora Jordan v. Nationstar Mortgage, LLC,* No.

10   2:14-cv-00175-TOR, ECF No. 369 at p. 5. (E.D. Wash. Nov. 26, 2018). The terms of that

11   settlement only further demonstrate the remarkable relief obtained for the Class in this case.

12       Considering each of the enumerated factors, the proposed settlement provides an

13   exceptional recovery for the class. The third factor weighs in favor of final approval.

14       **5.**    <u>**The proposed settlement treats all class members equitably.**</u>

15       The fourth and final factor likewise supports final approval. As discussed above, the

16   total distribution to each Eligible Settlement Class Member is a function of the Eligible

17   Settlement Class Member's individual experience. Each damage award is calculated based

18   on (1) whether or not the individual experienced a lock change, (2) whether or not personal

19   property was removed from the individual's home pre-foreclosure, and (3) the amount of

20   time during which the individual was locked out of his or her home. Settlement Agreement,

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - Page 14

45M4814

at § V.5. If administratively feasible, those Eligible Settlement Class Members who cash their settlement checks will receive second round of distributions. *Id.* The distribution plan is equitable, directly reflective the harm actually suffered by each Class Member.

And no class member, trustee, or government participant has suggested otherwise. Out of 4,008 Settlement Class Members only two individuals (and no trustees) opted out. Sternberg Decl. ¶ 13. None objected. *Id.* ¶ 14. And despite timely and proper CAFA notice, no government entity has objected or sought to intervene. Englund Decl. ¶¶ 2–4. That no class member or government entity has objected or sought to intervene favors approval and only further demonstrates the equity of the proposed settlement. *See Garner v. State Farm Auto Ins. Co.*, No. CV 08 1365 CW (EMC), 2010 WL 1687832, *14 (N.D. Cal. April 22, 2010).

## IV.    CONCLUSION

For the above reasons, Plaintiffs respectfully request that the Court enter an Order (1) approving the Settlement Agreement; (2) determining that adequate notice was provided to the Settlement Class; (3) finally certifying the Settlement Class; (4) granting Class Counsel $3,288,125 in attorneys' fees; (5) approving notice and claims administration costs in an amount not to exceed $28,300; and (6) approving a service award of $10,000 for Plaintiff Rhodes.

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - Page 15

45M4814

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

1    RESPECTFULLY SUBMITTED AND DATED this 4th day of December, 2018.

2                          s/CLAY M. GATENS
                          Clay M. Gatens, WSBA No. 34102
3                          Devon A. Gray, WSBA No. 51485
                          JEFFERS, DANIELSON, SONN &
4                          AYLWARD, P.S.
                          2600 Chester Kimm Road
5                          P.O. Box 1688
                          Wenatchee, WA 98807-1688
6                          Telephone: 509-662-3685
                          Fax: 509-662-2452
7                          Email: ClayG@jdsalaw.com
                          Email: DevonG@jdsalaw.com
8                          Attorneys for Plaintiff and Proposed Class

9

10

11

12

13

14

15

16

17

18

19

20

PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - Page 16

45M4814

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of December, 2018. I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System. Notice of this filing will be sent to the parties listed below by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Rudy A. Englund: | englundr@lanepowell.com |
| David C. Spellman: | spellmand@lanepowell.com |
| Jane E. Brown: | brownje@lanepowell.com |
| Michael P. Klein | trusteeklein@hotmail.com, |
| | attorneyklein@hotmail.com |

DATED at Wenatchee, Washington the 4th day of December, 2018.

s/CLAY M. GATENS
Clay M. Gatens, WSBA No. 34102
Attorney for Plaintiff
JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
2600 Chester Kimm Road
P.O. Box 1688
Wenatchee, WA 98807-1688
Telephone: 509-662-3685
Fax: 509-662-2452
Email: ClayG@jdsalaw.com

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - Page 17

45M4814

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688