FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 19, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VALERIE RHODES, a single woman, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, a National Banking Association,<br><br>Defendant. | 2:17-CV-00093-SMJ<br><br>**SETTLEMENT ORDER AND FINAL JUDGMENT** |

On June 19, 2018, Plaintiff Valerie Rhodes filed the settlement agreement ("Agreement"), ECF No. 60 at 41–55, which sets forth the terms and conditions and release of certain claims against Defendant Wells Fargo Bank, National Association and the Released Parties.[1] On June 25, 2018, the Court granted preliminary approval to the proposed class settlement ("Settlement") between Ms. Rhodes, as Representative Plaintiff, and Defendant. ECF No. 62. Pursuant to that order, notice was given to the Settlement Class.

---

[1] Capitalized terms shall have the meaning ascribed to them in the Agreement. ECF No. 60 at 41–55.

SETTLEMENT ORDER AND FINAL JUDGMENT **-** 1

Now before the Court are Plaintiff's unopposed Motion for Attorneys' Fees and Service Award, ECF No. 71, and Motion for Final Approval of Class Action Settlement, ECF No. 101. On December 18, 2018, this Court held a fairness hearing to consider whether to grant final approval to the Settlement and Class Counsel's application for an award of attorneys' fees, costs, and service award to Valerie Rhodes. ECF No. 107. The Court heard argument from counsel. No class members objected to or otherwise appeared to testify regarding the settlement and/or the fee application. *Id.*

The Court has considered all the papers and proceedings in this matter, including the pleadings; supporting declarations; oral argument; and the Agreement. Having reviewed the file in this matter, the Court finds the proposed Settlement fair, reasonable, and adequate, and that it is the result of extensive arm's length negotiations with the guidance of two experienced mediators. The Court therefore certifies the Federal Rule of Civil Procedure 23(b)(3) class and approves the parties' Settlement.

The Court maintains its previous appointment of Representative Plaintiff and Class Counsel, and now turns to Plaintiff's application for an award of attorneys' fees, costs, and service award to Valerie Rhodes.

**ATTORNEYS' FEES**

Because Washington substantive law applies to the Class's claims, attorneys' fees are awarded in accordance with Washington state law. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). "Under Washington law, the percentage-of-recovery approach is used in calculating fees in common fund cases." *Id.* (citing *Bowles v. Dep't of Ret. Sys.*, 121 Wash. 2d 52, 72 (1993)). The Ninth Circuit provides courts with the discretion to apply the percentage method, which remains the "primary basis of the fee award" in common fund cases. *Id.* at 1050; *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). The benchmark both in Washington state and in the Ninth Circuit for attorney fee awards in common fund settlement cases is 25% of the common fund. *Vizcaino*, 290 F.3d at 1047; *Bowles*, 121 Wash. 2d at 72–73.

Here, Class Counsel request 12.5% of the $26,305,000 common fund—half of the Washington state and Ninth Circuit benchmarks. No class member has objected to Class Counsel's requested fee award. To determine whether Class Counsel's fee request is reasonable, this Court considered: (1) the exceptional results Class Counsel achieved for the class—including the first and largest settlement of this type, exceeding $26 million; (2) Class Counsel's diligent and efficient approach to this litigation and their ability to leverage past experiences and successes to obtain timely payment for Class members and avoid protracted litigation; (3) Class Counsel's significant experience in complex class action

litigation regarding Washington borrowers' pre-foreclosure rights to exclusively possess their homes, along with their comprehensive understanding of the pre-foreclosure property preservation industry; (4) risks inherent in this case, including risks to class certification, risks of preemption, risks involved in industry leaders' attempts to enact legislation retroactively immunizing Defendant, rulings in related cases, and the risks inherent in establishing liability and damages at trial; (5) the substantial risk Class Counsel took in litigating this case on a contingency basis and paying all costs; (6) that Class Counsel surrendered other work in order to maintain this action and satisfy their duties and obligations to the Class; (7) Class Counsel's laudable work and efficient-yet-effective litigation of this case; (8) the duration and complexity of the litigation; and (9) the state-wide benefits Class Counsel provided for the Class and Washington borrowers as a whole beyond the cash common fund.

In light of these factors, the Court finds reasonable Class Counsel's request for 12.5% of the settlement fund and awards counsel $3,288,125.

### SERVICE AWARD

Service awards are within the Court's discretion and are "fairly typical in class actions." *Barovic v. Ballmer*, Nos. C14-0540 JCC & 2:14-cv-00586-JCC, 2016 WL 199674, at *5 (W.D. Wash. Jan. 13, 2016) (quoting *Hartless v. Clorox Co.*, 273 F.R.D. 630, 646–47 (S.D. Cal. 2011)); *see also Rodriguez v. ACL Farms, Inc.*, No. CV-10-3010-LRS, 2011 WL 13093165, at *1 (E.D. Wash. July 18, 2011).

Here, Class Counsel requests a service award payment to Representative Plaintiff in the amount of $10,000. Valerie Rhodes dedicated substantial effort as the representative, promptly communicating with Class Counsel, assisting in claims investigation, participating in discovery, and participating in strategic and settlement discussions. She may have also faced stigma by serving as the face of this litigation. To compensate her for the time and effort she dedicated to this case, the Court awards Valerie Rhodes the reasonable amount of $10,000. This does not undermine her representativeness.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff Valerie Rhodes's Motion for Attorneys' Fees and Service Award, **ECF No. 71**, and Motion for Final Approval of Class Action Settlement, **ECF No. 101**, are **GRANTED**.

2. This Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the Parties and the Settlement Class.

3. The definitions and provisions of the Agreement are incorporated in this Order as though fully set forth herein.

4. Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Settlement Class is certified as follows:

    All Citizens of Washington state
    (a) who own or owned real property in Washington state subject to a loan that was in default;

(b) which property, within the applicable statute of limitations, was entered upon by Wells Fargo and/or its agents prior to the completion of any judicial or non-judicial foreclosure; and

(c) which entry upon the property by Wells Fargo and/or its agents was the proximate cause of damage to the homeowner by: (i) damaging the homeowner's real or personal property; and/or (ii) converting the homeowner's personal property or belongings; and/or (iii) interfering with the homeowner's full use and enjoyment of the home.

The Settlement Class is further defined by the Class List, which includes:

Individuals identified on the list produced by Wells Fargo on April 20, 2018, and identified as "Revised Class List" with Bates numbers "WF_Rhodes 026839-26842" and containing 4,013 unique loan numbers. "Settlement Class Members" will include Class members who do not exclude themselves from the Settlement.

**5.** For purposes of settlement only, Plaintiff Valerie Rhodes is hereby appointed Class Representative.

**6.** For purposes of settlement only, the attorneys at Jeffers, Danielson, Sonn & Aylward, P.S., are hereby appointed as Class Counsel.

**7.** The Court finally certifies the Settlement Class.

SETTLEMENT ORDER AND FINAL JUDGMENT **-** 6

**8.** Persons included in the Settlement Class who timely submitted valid requests for exclusion are excluded from the Settlement Class and are not bound by this Order and Judgment.

    ***A.*** Gina Britton timely submitted a valid request for exclusion and is not bound by this Settlement Order and Final Judgment.

    ***B.*** Angela Indira Mahabir submitted an untimely but valid request for exclusion and is not bound by this Settlement Order and Final Judgment.

**9.** The Court grants final approval of this Settlement, and finds that it is fair, reasonable, and adequate, considering all factors set forth in Federal Rule of Civil Procedure 23.

    ***A.*** Plaintiff Valerie Rhodes and Class Counsel have adequately represented the Settlement Class throughout this litigation, settlement, and notice period. Class Counsel is experienced and well informed and approves of the settlement. No Settlement Class member or governmental participant has objected or otherwise attempted to intervene.

SETTLEMENT ORDER AND FINAL JUDGMENT **-** 7

      **B.**    The Settlement was negotiated at arm's length and without collusion after extensive discovery and two rounds of full-day mediation.

      **C.**    The Settlement provides adequate relief for the Settlement Class taking into account: the costs, risks, and delay of trial and appeal, which would be complex, lengthy, and expensive; the effective method of distributing relief to the Settlement Class, including the method used to process Eligible Settlement Class Members' claims; the terms of the attorneys' fee and cost award and timing of the fee and cost payment; and the Settlement Agreement.

      **D.**    The Settlement also treats all Settlement Class Members equitably relative to each other, calculating each Eligible Class Member's Settlement Award as a function of the harm that Eligible Class Member actually suffered.

**10.** The Parties, their counsel, and the Claims Administrator shall fulfill their obligations and duties under the Agreement.

**11.** The Court **DISMISSES WITH PREJUDICE** this action, the Released Claims, and the Released Parties, and adjudges that the Released Claims are released against the Released Parties.

**12.** The Court adjudges that Plaintiff Valerie Rhodes and the Settlement Class Members are deemed to have fully, finally, completely, and forever released, relinquished, and discharged the Released Claims against the Released Parties.

**13.** Plaintiff Valerie Rhodes and the Settlement Class Members are permanently enjoined and barred from asserting, initiating, prosecuting, or continuing any of the Released Claims against the Released Parties.

**14.** The Claims Administrator completed the delivery of Mailed Notice according to the terms of the Notice Plan, the Agreement, and the Preliminary Approval Order. The Notice Plan and Mailed Notice provided by the Claims Administrator to the Settlement Class, which set forth the principal terms of the Agreement and other matters, was the best practicable notice under the circumstances. The Notice Plan and Mailed Notice prescribed by the Agreement was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all

parties entitled to such Notice Plan and Mailed Notice. The Notice Plan and Mailed Notice provided to the Settlement Class satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process. The Notice Plan and Mailed Notice were reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of this Action, all material elements of the Settlement, and their opportunity to exclude themselves from, object to, or comment on the Settlement and appear at the Final Approval Hearing. The Court has afforded a full opportunity to all members of the Settlement Class to be heard. Accordingly, the Court determines that all members of the Settlement Class, except those who timely excluded themselves from the Settlement Class, are bound by this Judgment and Final Order.

15. Within ten (10) days after the filing of the proposed Agreement in this Court, a notice of the proposed Settlement was served upon the U.S. Attorney General, Office of the Comptroller of the Currency, attorneys' general of all fifty states, as well as the District of Columbia, American Samoa, Guam, Northern Mariana Islands, Puerto Rico, and the Virgin Islands. ECF No. 103. The Court finds that this notice satisfied the requirements of 28 U.S.C. § 1715(b) and that more than

ninety (90) days have elapsed since the required notice was provided, as required by 28 U.S.C. § 1715(d).

**16.** The Court approves payment of attorneys' fees and costs to Class Counsel in the amount of $3,288,125 in fees and costs. This amount shall be paid from the Settlement Fund pursuant to the terms of the Agreement. The Court finds these amounts to be appropriate and reasonable in light of the work performed by Class Counsel and the benefits obtained for the Settlement Class Members.

**17.** The Court approves payment of a service award to Representative Plaintiff Valerie Rhodes in the amount of $ 10,000. This amount shall be paid from the Settlement Fund pursuant to the terms of the Agreement.

**18.** The Court approves payment of notice and claims administration costs in an amount not to exceed $28,300. This amount shall be paid to Epiq Class Action & Claims Solutions, Inc. from the Settlement Fund pursuant to the terms of the Agreement.

**19.** The Court approves payment to Greenfield Advisors for damages and settlement award calculation costs in an amount of $106,085.50. This amount has been previously paid to Greenfield Advisors by the

Defendant and shall be deducted from the Settlement Fund pursuant to the terms of the Agreement.

**20.** Within thirty-five (35) days of entry of the Court's Settlement Order and Final Judgment (the "Effective Date"), Defendant shall remit the remaining balance of the Settlement Fund, which totals $26,198,914.50[2], to the Claims Administrator pursuant to the terms of the Agreement.

**21.** Settlement Award checks shall be mailed by the Claims Administrator to Settlement Class Members within thirty (30) days of the Effective Date pursuant to the terms of the Agreement.

**22.** Settlement Award checks that are not cashed within ninety (90) days of the date on the check shall be voided. If administratively feasible to do so at the discretion of the Claims Administrator, unclaimed Settlement Funds shall be used to make a second distribution, on a pro rata basis, to all Settlement Class Members who cashed a Settlement Award check. Second round distribution checks that are not cashed within ninety (90) days after the date on the check shall be voided.

---

[2] This amount is calculated by taking the total common fund settlement amount of $26,305,000 and deducting the amount of $106,085.50 previously paid to Greenfield Advisors for pre-final approval Settlement Class calculations by Defendant.

SETTLEMENT ORDER AND FINAL JUDGMENT **-** 12

**23.** Available Settlement Funds remaining after the second round of check distributions, if any, shall be payable 25% to Northwest Justice Project; 25% to Chelan-Douglas County Volunteer Services; 25% to Rebuilding Together Seattle; and 25% to Housing Hope – Everett.

**24.** Within thirty (30) days of the Effective Date, the Claims Administrator shall distribute to itself payment for approved notice and claims administration costs in an amount not to exceed $28,300.

**25.** Within thirty (30) days of the Effective Date, the Claims Administrator shall issue to Class Counsel payment for the approved service award amount in favor of Representative Plaintiff Valerie Rhodes pursuant to the terms of the Agreement.

**26.** Within thirty (30) days of the Effective Date, the Claims Administrator shall issue to Class Counsel payment for approved attorneys' fees and costs pursuant to the terms of the Agreement.

**27.** Neither this Order nor the Agreement is an admission or concession by Defendant of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Order and the Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by Defendant or any other person in connection with any transaction, event or occurrence,

and neither this Order nor the Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Order, the Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in the Agreement. This Order also does not constitute any opinion or position of this Court as to the merits of the claims and defenses related to this Action.

**28.** The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement, including the implementation and enforcement of the Agreement.

**29.** The Clerk's Office is **DIRECTED** to **ENTER JUDGMENT** of dismissal with prejudice, **STRIKE** all dates and deadlines, and **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 19th day of December 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge

SETTLEMENT ORDER AND FINAL JUDGMENT **-** 15